## Bailey v. Commonwealth.

(Decided September 28, 1923.)

## Appeal from Harlan Circuit Court.

1. Indictment and Information—Indictment May Employ Language of Statute.—Ordinarily it is sufficient in an indictment for a statutory crime to employ the language of the statute in naming the crime, unless such language is so general or generic in terms as not to define the crime or set forth its essential elements.

2. Escape—Offense Sufficiently Named in Indictment.—An indictment naming an offense in the accusatory part as "aiding a person to escape who is (was) in legal custody of the jailer of H. county," held to sufficiently name the public offense prohibited by Kentucky Statutes, section 1357.

3. Escape—Statute for Aiding One "Charged With the Crime" Held to Include One Convicted.—Kentucky Statutes, section 1357, making it a crime to aid or assist one "charged" with a crime to escape, includes the aiding of a person convicted and confined for the purpose of satisfying the judgment.

4. Criminal Law—Credibility of Witnesses Essentially for Jury.—Whether the testimony of prosecuting witness, a prisoner in jail, or that given by defendant and his co-defendant should be believed, was a question essentially for the determination of the jury, and the Court of Appeals cannot say that its verdict adopting the testimony of the prosecuting witness in preference to that of defendant and another was flagrantly against the evidence.

5. Escape—Guilt of Aiding Escape for Jury.—In a prosecution for aiding escape of one in jail under Kentucky Statutes, section 1357, whether gun seized was being handed by the accused to the one confined in jail, or was being handed by the prisoner to the defendant in payment of an indebtedness held for the jury.

6. Criminal Law—Admission of Evidence not Reviewed in Absence of Objection.—The admission of evidence will not be reviewed in the absence of an objection.

7. Criminal Law—Evidence of Cartridges in Defendant's Pocket Admissible on Rebuttal.—In prosecution for aiding one confined in jail to escape, where defendant testified that he was not giving a pistol to the person confined, but that such person was giving it to him when it was seized by the jailer, held that it cannot be said that the trial court abused its discretion in permitting the Commonwealth to prove on rebuttal that defendant had in his pocket peculiar cartridges which fitted the gun seized.

J. B. SNYDER for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Section 1357 of our statutes says: "When a prisoner charged with a felony is lawfully detained in any jail or in custody, any person who shall in any way aid or assist him to escape, if the escape is not effected; or if the person detained is charged with a misdemeanor, whether the escape be effected or not, the person so aiding or assisting shall be fined not less than one hundred nor more than five hundred dollars."

Cody Long, on his trial in the Harlan circuit court under an indictment charging him with a misdemeanor, was convicted and fined, and failing to pay it he was incarcerated in the Harlan county jail in satisfaction thereof. While so serving it is alleged in this indictment that appellant, Lora Bailey and his co-defendant, Raymond Moore, committed the offense denounced in the statute by transmitting and delivering or attempting to deliver to Long while he was confined in jail a loaded pistol "for the purpose of assisting and aiding him (Long) to escape from said jail," but from which he did not escape, and that appellant and his co-defendant knew, at the time, of Long's legal confinement in the jail. Upon his separate trial appellant was convicted and fined one hundred dollars, and from the judgment rendered on that verdict this appeal is prosecuted. It is complained by appellant's counsel that (1), the demurrer filed to the indictment should have been sustained; (2), the evidence was insufficient to sustain the conviction, and (3), the court erred in giving and refusing instructions.

Ground (1), is based upon the contention (a), that the accusatory part of the indictment fails to name with sufficient certainty a public offense, and (b), that its descriptive part does not state facts sufficient to constitute an offense under the statute. The offense named in the accusatory part of the indictment was "of aiding a person to escape who is (was) in legal custody of the jailer of Harlan county," and the descriptive part (to which we shall hereafter refer) states with minute particularity the facts necessary to constitute the offense as outlined in the statute. Our Criminal Code requires that an indictment shall name the offense (section 124), and that it shall be described by a statement of the acts constituting it "in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such degree of cer-

tainty as to enable the court to pronounce judgment, on conviction, according to the right of the case.'' Section 122.

It is the general rule, followed in numerous cases by this court, that ordinarily it is sufficient in an indictment for a statutory crime to employ the language of the statute in naming it, unless the language is so general or generic in its terms as not to define the crime or set forth its essential elements. 14 R. C. L. 187. That general rule has been uniformly followed by this court and we deem it unnecessary to cite any of the cases. In the case of Fluty and Spalding v. Commonwealth, 32 Ky. L. R. 89, the prosecution was for the same offense here involved and the accusatory part of the indictment was very similar to that contained in the present one. That indictment, in naming the offense, said: ''The offense of unlawfully rescuing prisoners from an officer, a constable of Martin county, comitted as follows,'' etc. The descriptive language of that indictment was no more definite and certain than the language of the present one, and this court held that it was sufficient.

In Ruark v. Commonwealth, 150 Ky. 47, in commenting on the sufficiency of indictments under the Criminal Code, we said: ''It was the purpose of the Code of Practice to simplify indictments, and the formal strictness which was required at common law is not required under the Code, especially in indictments for minor offenses;'' and in the case of Mays and Terry v. Commonwealth, 194 Ky. 540, it was said: ''This court, under Code provisions, has been and is yet more or less liberal in upholding indictments and in refusing to set them aside for technical and immaterial inaccuracies, which from the record it plainly appears did not prejudice the substantial rights of the defendant.'' Under the provisions of the Code, as construed by the opinions referred to and others which might be cited, it cannot be said that the indictment in its accusatory part failed to properly name the offense with which defendant was charged.

Objection (b), in ground (1), consists chiefly in the contention that under the statute the detention of the prisoner or person aided must be for only a *charge* of an *untried* offense, and is not applicable where the aiding or assistance by the defendant is given *after* trial and conviction and where the one aided is confined only for the

purpose of satisfying the judgment rendered in a misdemeanor prosecution; and it is insisted that since the indictment averred the confinement of Long after conviction and in satisfaction of the judgment against him it was demurrable. It will at once be seen that this objection is extremely technical and is based altogether upon the theory that the word "charged" in the statute is synonymous with "accused" and should be construed as referring only to the prisoner's condition between his arrest and final trial and that if as a result of the trial he should continue to be confined as a prisoner it would not be under any *charge* against him, but under the *conviction*. It may be that in some sense the distinction might be made, but we are not inclined to attribute to the legislature such narrowness of intention in the enactment of the statute. One detained in prison after conviction, either in satisfaction of the judgment or as a result thereof, is undoubtedly detained under and as a result of the original charge preferred against him by the prosecution as much so as before his trial and conviction, and it is perfectly accurate to refer to his imprisonment as imposed under the charge for which he was indicted and convicted. The only difference between the two is that before the trial the charge preferred against him is unproven, whereas after the trial it is proven and its truthfulness established by the conviction, and thereafter his detention is under a proven charge.

The purpose and intention of the legislature in the enactment of the statute, and to which under well settled rules we must look in construing it, evidently was to safeguard the security of prisoners lawfully in custody and to punish those who sought to rescue them by aiding them to escape from the custody of an officer or from a prison in which they might be confined. It is as essential to the good order of society and to the enforcement of the law that a convicted prisoner should not escape as that an unconvicted one should not do so. We are, therefore, disinclined to adopt the interpretation contended for by counsel, since to do so would require us to ignore a well understood application of the word "charged" and at the same time defeat the evident intention and purpose of the statute by the employment of an extremely narrow and technical rule of construction. We, therefore, hold that to render the aid denounced by the statute to a person *after* conviction is as much within its purview as the ren-

dering of such aid and assistance before conviction, which
conclusion results in overruling objection (b).

A portion of the argument in support of ground (2),
has been answered in disposing of ground (1), since the
evidence proved that Long at the time of the alleged aid-
ing and assisting had been tried and was then in custody
and in prison under a judgment of conviction; but it is
further argued in support of this ground that the witness
for the Commonwealth who testified to the material facts
was himself a prisoner in jail and that his testimony was
contradicted by the two defendants in the indictment and
was therefore insufficient to sustain the conviction. That
witness testified that the jailer was absent and he was
acting in the capacity of a trusty; that the two defendants
appeared at the jail and the appellant handed to Long
through an opening in the jail a number 38 caliber Colts
pistol which was loaded, but just as Long took hold of the
muzzle of the pistol witness grabbed it and kept appel-
lant from delivering it to Long. Appellant admits going
to the jail and the presence of the prosecuting witness
and that the latter grabbed the pistol as it was attempted
to be passed from the one to the other, but he says that in-
stead of his handing the pistol to Long, the latter
was delivering it to him in satisfaction of a debt of fifteen
dollars which Long owed him. Long did not testify, but
it was shown by the jailer that when he was put in prison
he was searched and had no pistol or weapon of any kind.
Other facts and circumstances tend strongly to show that
if the occurrence happened as described by the prose-
cuting witness there could have been no other purpose
on the part of appellant than to aid Long in effecting his
escape. Whether the testimony of the prosecuting wit-
ness, or that given by appellant and his co-defendant
should be believed was a question essentially for the de-
termination of the jury, and under repeated decisions of
this court we cannot say that its verdict adopting the tes-
timony of the prosecuting witness in preference to that
of appellant and his co-defendant was flagrantly against
the evidence.

In support of ground (3), some criticisms are made of
the leading instruction number 1, chief among which is
the point (b) discussed in considering ground (1), which
we have already disposed of. The others are extremely
technical and in our view wholly unfounded. It would
be a useless consumption of time and space to incorporate

that instruction in this opinion or to notice in detail the other criticisms. It is sufficient to say that the instruction followed the language of the indictment, which we have held is sufficient, and we find no material or substantial error in it. But, it is further contended under this ground that the court erred in failing to instruct or admonish the jury as to the effect of certain testimony given in rebuttal. That testimony was given by the jailer of the county, and was, in substance, that on searching appellant after he was arrested he found cartridges in his possession of some peculiar shape or make and which fit the pistol about which the prosecuting witness testified. The same witness also testified that he asked appellant why he attempted to deliver the pistol to Long and that he answered: "I can't tell you what I did it for." There was no objection to the testimony about finding the cartridges nor any motion made or step taken calling the attention of the court to the necessity of such admonition if it was required; but, independently of that, the testimony, if relevant, which we think was true, was substantive in its nature and not contradictory, and the only objection that could be urged to its introduction was that it was offered in rebuttal and not in chief. However, as we have seen, there was no objection to it, but if there had been we are not prepared to say that the court abused a sound discretion in admitting it when offered.

After a careful consideration of the whole record, we are unable to find any substantial ground for disturbing the judgment, and it is accordingly affirmed.