**Charles D. BURNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48654.**

Court of Criminal Appeals of Texas.

Oct. 30, 1974.

---

3. As far as this Court is concerned, appellant's retained counsel still represents him.

Joan R. Foster, Del Rio, for appellant.

John F. Pettit, Dist. Atty., Del Rio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of escape from prison of a prisoner charged with a felony; punishment was assessed at two years' confinement.

The charging part of the indictment for escape alleges, in the part pertinent to this decision, that appellant escaped "while confined . . . having been formally charged with a felony . . . "

In his only ground of error, appellant contends there is a fatal variance between the proof offered at trial and the allegation contained in the indictment. Appellant argues that the evidence shows he was in jail on the day of the offense because of a conviction, whereas the indictment alleges that he was confined having been formally charged with a felony.

The evidence is substantially uncontested. At the time of his escape on March 8, 1973, appellant was in jail, having been convicted and sentenced for burglary with intent to commit theft, awaiting the mandate of this Court in response to his appeal from that conviction in the trial court's Cause No. 3554. The judgment in that case was announced on May 31, 1972, and sentence was pronounced on June 12, 1972, after which appellant gave notice of appeal. The mandate of this Court relating to Cause No. 3554 was received after March 8, 1973. The State introduced into evidence the indictment, judgment, sentence and other papers related to Cause No. 3554.

One of the elements of the offense of escape is that the accused be a prisoner. Article 353b, Sec. 2, Vernon's Ann.P.C. The term " prisoner" is defined in Sec. 1(b) of that Article as "any person who has been formally charged with or convicted of a felony." (Emphasis added.) The word "or" in ordinary and natural use has a disjunctive meaning. 67 C.J.S. 512, at

page 517. The implication, therefore, from the use of the term "or" in Article 353b, Sec. 1(b), is that there are two categories of prisoners.[1] The first category would include those persons who have been formally charged with a felony and the second would include those persons who have been convicted of a felony. The issue here is whether the proof shows the appellant was in the category alleged in the escape indictment.

It is uncontested that appellant was confined prior to trial because he was formally charged by indictment for a felony in Cause No. 3554. Appellant would have been properly described in the escape indictment as a person confined on the date of his escape, "having been formally charged with a felony," if a person remains formally charged while his conviction is on appeal.

In an early Texas case under Article 229 of the 1895 Penal Code, which condemned aiding a prisoner to escape who is in custody on an accusation for a misdemeanor, this Court held that an "accusation"

" . . . applies to a pending prosecution, and when that prosecution has been terminated in a conviction it ceases to be an accusation. After a conviction or the judgment of guilty, a party is termed a 'convict' when he has accepted the sentence or judgment of conviction as a finality, which has been adjudged against him by the court of last resort which has jurisdiction of his case to which he may have thought proper to appeal." Brannan v. State, 44 Tex.Cr.R. 399, 72 S.W. 184, at 185.[2]

■ Article 25, V.A.P.C. of 1925,[3] defines the term convict. "An accused is termed a 'convict' after the judgment of conviction against him has become final." The reasoning in *Brannan* combined with the statutory definition of a convict shows that a person remains accused until his conviction becomes final.[4] How, then, is the term "accused" related to "charged"?

In discussing the term "charged" as used in criminal proceedings, the following definition is given in 14 C.J.S. at 405:

"It is frequently used in a limited sense, as referring to a formal complaint, information, or indictment . . . and in common parlance it signifies the formal commencement of a criminal proceeding by the filing or returning of the accusatory paper in the regular course of judicial proceedings. . . . In a fuller and more accurate sense the expression may include also the responsibility for the crime itself, and may be applicable to one who has been convicted and is serving a sentence. . . . "

■ This Court has established that the word "charge" as used in the United States Constitution and the Texas extradition statutes applies to persons who have escaped from confinement after conviction of a crime, as well as to persons merely sought for the purpose of trial. Ex parte Bergman, 60 Tex.Cr.R. 8, 130 S.W. 174; Ex parte Haynes, 98 Tex.Cr.R. 609, 267 S.W. 490; 78 A.L.R. 419. It should be noted, however, that both the Constitution and the implementing extradition laws refer only to persons charged and do not include the words "or convicted."

1. It is not necessary to determine whether the two categories are mutually exclusive for our decision in this case.

2. *Brannan* was decided in 1903. In 1905, Article 229 of the Penal Code was amended by the next Legislature after the decision in Brannan v. State, supra, to include condemnation of those who aid *convicted* prisoners to escape.

3. Article 25 repealed by Acts 1973, 63rd Leg., p. 991, ch. 399, Sec. 3(a), effective Jan. 1, 1974.

4. A felony conviction becomes a final conviction, where an appeal is taken, when the mandate from this Court is received by the trial court. See Brannan v. State, supra, and the cases cited therein.

A Kentucky court, considering whether "charged" should be limited to the meaning given the term "accused," said:

> ". . . It will at once be seen that this objection is extremely technical, and is based altogether upon the theory that the word 'charged' in the statute is synonymous with 'accused,' and should be construed as referring only to the prisoner's condition between his arrest and final trial, and that, if as a result of the trial he should continue to be confined as a prisoner, it would not be under any charge against him, but under the conviction. It may be that in some sense the distinction might be made, but we are not inclined to attribute to the Legislature such narrowness of intention in the enactment of the statute. One detained in prison after conviction, either in satisfaction of the judgment or as a result thereof, is undoubtedly detained under and as a result of the original charge preferred against him by the prosecution, as much so as before his trial and conviction, and it is perfectly accurate to refer to his imprisonment as imposed under the charge for which he was indicted and convicted. The only difference between the two is that before the trial the charge preferred against him is unproven, whereas after the trial it is proven, and its truthfulness established by the conviction, and thereafter his detention is under a proven charge." Bailey v. State, 254 S.W. 897, at 898 (Ky.).

■ By the reasoning set out in this opinion, we hold that a person formally[5] charged with a felony remains in that status after conviction at least until the conviction becomes a final conviction.[6]

5. The fact that a person is *formally* charged rather than simply "charged" is not distinguishing. Here, the prosecution was commenced by an indictment, clearly a formal charge. The term "formally" in Art. 353b, Sec. 1(b), refers only to the manner in which the charge is made.

6. Although we do not need to decide for the disposition of this case whether a person re-

The proof shows that on the day of his escape appellant had been formally charged with a felony by indictment, had been convicted for that felony, was sentenced, had given notice of appeal, and was confined awaiting the mandate of this Court in answer to his appeal. The indictment alleged that appellant was confined ". . . having been formally charged with a felony," on the day of his escape. There is no variance.

The judgment is affirmed.

mains formally charged with a crime even after a final conviction, such a construction does not seem strained nor inconsistent with the intent of the Legislature in enacting Art. 353b, as amended. Compare the logic used in the quotation from *Bailey* where that court says the only difference between charged and convicted is that before trial the charge is unproved, whereas after trial it is proven by the conviction.