Billy Wayne McCARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 50021.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

---

George R. Milner, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, Winfield Scott and Gerald Banks, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

Our prior opinion in this case is withdrawn, and the following substituted in lieu thereof.

The offense is escape by a felon with punishment enhanced under Article 63, V.A.P.C., by two prior non-capital felony convictions; the punishment, life.

We shall first discuss grounds of error two and eight advanced in argument before this Court. Appellant's second ground of error is the "evidence presented by the State was insufficient to prove that the date of the offense set out in paragraph two of the indictment occurred after the date of the final conviction alleged in paragraph three of the indictment."

The first paragraph of the indictment charged appellant with the primary offense of escape. The second paragraph alleged appellant was convicted of assault with intent to commit rape on December 6, 1957. The third paragraph of the indictment alleged appellant was convicted on September 2, 1955, of theft of personal property over $50.00.

The prosecution introduced into evidence the indictment, judgment, sentence and docket sheet of the 1955 and the 1957 convictions. A Dallas deputy district clerk identified these documents and testified that no appeal was taken from either conviction. The record reflects that the first prior conviction became final on September 2, 1955, and the second prior conviction became final on December 6, 1957.

Under Article 63, V.A.P.C., it is necessary to show that each succeeding conviction alleged for enhancement was subsequent both in point of time of the commission of the offense and the conviction therefor. *Rogers v. State,* 168 Tex.Cr.R. 306, 325 S.W.2d 697. In the case at bar it was necessary to show that the offense alleged in the second prior conviction occurred after

September 2, 1955. The indictment for the 1957 conviction alleged rape of S__B__H__, but upon motion of the State was reduced to assault with intent to rape, to which appellant entered a guilty plea.

■ Deputy Sheriff Baker testified that he had been a Dallas City Police Officer and had investigated a rape case in which the complaining witness was S__B__H__. He stated that the offense involved occurred on October 5, 1957, and that in his investigation he talked with the complaining witness and with appellant's mother and that appellant was arrested on October 6, 1957. He identified State's exhibit 33 as a copy of the statement he took from appellant on October 6. The statement was admitted into evidence for purposes of the record only, over objection that it violated appellant's Fifth and Sixth Amendment rights, and there was no showing it was voluntary. Out of the presence of the jury, Baker acknowledged that the statement was taken after appellant's arrest and further stated that he remembered this rape case because S__B__H__ had been raped by her father a year before that and he worked on that case also.

The testimony of an arresting officer who has personal knowledge of the date of the commission of the offense for which the accused had been previously convicted has been held sufficient to prove the date of the offense. *Burton v. State*, Tex.Cr.App., 471 S.W.2d 817; *Mackie v. State*, Tex.Cr.App., 367 S.W.2d 697; *Gomez v. State*, Tex.Cr. App., 365 S.W.2d 176. See also *Jones v. State*, Tex.Cr.App., 482 S.W.2d 634, footnote 2. The evidence is sufficient to establish that the offense alleged in the second prior conviction occurred on October 5, 1957, which is after the first prior conviction became final.

■ Appellant contends the 1957 confession could not be introduced in his 1974 trial even for the record because it was in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The confession was admitted for the purpose of the record only (not to be exhibited to the jury), and there is no showing that the witness Baker refreshed his memory from the statement or that the statement was read to the jury.

This ground of error is overruled.

■ Appellant's eighth ground of error charges that "there is a fatal variance between the proof adduced and the allegations contained in the indictment." This contention is predicated upon the fact that the indictment alleged that appellant escaped after being "convicted of a felony", whereas the proof showed that the conviction was not final, but on appeal to this Court at the time of the escape. Appellant relies on *Burnett v. State*, 514 S.W.2d 939.

The statute in question, Article 353b, Sec. 1(b), V.A.P.C. (1925), defines prisoner as "any person who has been formally charged with or convicted of a felony." In *Burnett v. State*, supra, it was contended that a reversal was required because of a fatal variance between the allegation that the defendant escaped "while confined . . . having been formally charged with a felony" and the proof that at the time of escape he had been convicted by a jury and was awaiting the decision on his appeal. In footnote one of *Burnett*, the issue of whether the categories of "formally charged with" and "convicted of" were mutually exclusive was expressly reserved. The sole issue there was whether "formally charged with" was an appropriate description of the defendant's status. The Court in *Burnett* concluded:

"The proof shows that on the day of his escape appellant *had been formally charged with a felony* by indictment, *had been convicted for that felony*, was sentenced, had given notice of appeal, and was confined awaiting the mandate of this Court in answer to his appeal. The indictment alleged that appellant was confined (. . . having been formally charged with a felony,' on the day of

his escape. There is no variance." (Emphasis added.)

Footnote six in *Burnett* suggests that even after final conviction it may not be inaccurate to describe the individual as formally charged with the crime.

The assumption inherent in appellant's contention and in the State's request that *Burnett* be overruled is that "formally charged" and "convicted" are mutually exclusive. *Burnett* expressly withheld ruling on that issue, but suggested in the above quoted paragraph and in footnote six that they are *not* mutually exclusive, and that an individual of the status of appellant and of Burnett at the times of their escapes may be accurately described by allegation as being "formally charged" or as being "convicted", both such descriptions being appropriate to that status. The issue in each case is whether the description of the status is *accurate* or whether there is a fatal variance. *Burnett* does not hold that "convicted of" would be an inaccurate description, but only that "formally charged with" was accurate.

We find no variance between an indictment which alleges the accused escaped after being convicted of a felony and proof that the escape occurred after verdict or after affirmance by this Court.[1]

■ This discussion also disposes of appellant's grounds of error four, nine and ten, except that in his fourth ground appellant contends that the indictment was uncertain because it failed to allege the particular felony offense under which he had been convicted. The indictment tracks the statute and is in the form suggested by Willson's Criminal Forms, Volume 7, Sec.

398, p. 117. This form was approved by this Court in *Cline v. State*, Tex.Cr.App., 463 S.W.2d 441.

■ Appellant's first ground of error relates to the charge on sanity. Appellant contends the court should have charged pursuant to his written request on insanity as it is defined under the new penal code, V.T.C.A., Penal Code, Sec. 8.01, rather than under Article 34, V.A.P.C., the old code.[2] The offense in question occurred before the enactment of the new code. The trial took place after the effective date of the new code.

Citing *Odenthal v. State*, 106 Tex.Cr.R. 1, 290 S.W. 743, appellant submits that since the Legislature enacted and broadened the definition of insanity, appellant is entitled to benefit from that change.

V.T.C.A., Penal Code, Sec. 6(a), the savings provision of the new penal code, however, appears to answer appellant's contention adversely. It provides:

" . . . [T]his Act applies only to offenses committed on or after its effective date, and a criminal action for an offense committed before this Act's effective date is governed *by the law* existing before the effective date, which law continued in effect for this purpose, as if this Act were not in force." (Emphasis added.)

Clearly, "the law" relating to the defense of insanity was fixed by Sec. 6(a), supra, as the one in effect at the time of the commission of the offense. See *Pesch v. State*, Tex.Cr.App., 524 S.W.2d 299.

In *People v. De Simone*, 67 Ill.App.2d 249, 214 N.E.2d 305, the appellate court of Illinois concluded that where a new test of

---

1. The word "convicted" can have several meanings. Article 42.12, V.A.C.C.P., speaks of releasing on probation of "convicted" defendants. Clearly this statute means "after verdict", whereas in Arts. 62 and 63, V.A. P.C., the word "convicted" means a final conviction. For another interpretation of the word, see *Ex parte Giles*, Tex.Cr.App., 502 S.W.2d 774, 784.

2. In essence, the old code provides for determination of insanity under the M'Naghten Rule, which is whether the accused knew the difference between right and wrong. The new definition makes it an affirmative defense that an accused either did not know that his conduct was wrong or, knowing that his conduct was wrong, was unable to conform his conduct to the requirements of the law.

insanity superseded an old one, the old test applied if the offense occurred before the enactment of the new insanity test.

Appellant's reliance upon *Odenthal v. State*, supra, is misplaced. In that case at the time of the commission of the offense the exclusionary rule had not been adopted in Texas, and the illegality of a search did not render inadmissible the fruits of such search. After the commission of the offense and prior to trial, the exclusionary rule was adopted. This Court on rehearing held that the change in the law was procedural and therefore the defendant could benefit from the change in the law. The change in the law of insanity was substantive, and therefore *Odenthal* is not controlling.

■ The third ground of error is that the court erred in declining to grant a postponement to appellant under Art. 29.13, V.A.C.C.P. It appears that appellant had been previously tried and prior to this trial the appellant applied to the court for a copy of the previous trial testimony. On the morning this case went to trial, appellant's attorney moved for a 24 hour recess in order to study such transcript. It is apparent from the testimony of the appellant's appointed attorney and the record as a whole that he had taken no steps to see that the court ruled on his motion for production of the testimony until the day of the trial. A transcript of the testimony was furnished appellant at the time his motion was called to the court's attention at the commencement of trial.

By the terms of Article 29.13, supra (Continuance After Trial is Begun), it is incumbent upon the accused to show that an unexpected occurrence had arisen which no reasonable diligence could have anticipated. In *Johnson v. State*, Tex.Cr.App., 504 S.W.2d 493, we held that it was incumbent upon an accused to call his request for a transcript of a former trial to the court's attention prior to the day of trial. Further, in the case at bar, appellant's attorney had participated in the prior trial.

The fact that the representatives of the State may have secured a copy of the transcript before appellant will not excuse appellant's apparent lack of diligence in securing the same.

This ground of error is overruled.

■ Ground of error five is that the court erred in failing to grant his motion for continuance because he had not received a copy of the indictment against him until the day of the trial. At the conclusion of a hearing on the question, the court filed his findings of fact and conclusions of law in which he found that the appellant had been served with a copy of the indictment long prior to trial.

The record supports the court's findings, and we find no abuse of discretion.

■ Ground of error six complains of the refusal of the court to grant a mistrial when the prosecutor asked the appellant on cross-examination the following question, which appellant contends alludes to an extraneous offense:

"And so the robbery case on McCarter, you say is false on that point?"

The question was never answered; appellant's objection was sustained and the jury were instructed not to consider the question.

In *Hartman v. State*, Tex.Cr.App., 507 S.W.2d 553, we said:

"This Court will not reverse a conviction solely because an improper question was propounded. To cause reversal, the question must be obviously harmful. *Mistrot v. State*, 471 S.W.2d 831 (Tex.Cr.App. 1971); *Sensabaugh v. State*, 426 S.W.2d 224 (Tex.Cr.App.1968)."

■ Further, a prompt instruction by the trial court to disregard an alleged extraneous offense is normally sufficient to cure error. *Pearson v. State*, Tex.Cr.App., 500 S.W.2d 829.

■ Ground of error seven relates to a question asked appellant on cross-examina-

tion about his knowledge of the parole law. The belated general objection was sustained, and the jury were instructed not to consider the question. We do not find that the asking of the question, especially in view of the instruction, constitutes reversible error. See *Hartman v. State*, supra, and the cases cited therein.

This ground of error is overruled.

▓▓▓▓▓ Appellant's last ground of error relates to the following statement made by the prosecutor during argument at the punishment phase of the trial, which appellant contends was a reference to his failure to testify:

"What evidence did the defense bring you to prove, if they could, that he was not the same person in these other two convictions . . ."

Appellant's objection was sustained, the jury instructed to disregard the remark, and appellant's motion for mistrial denied.

To require reversal, an alleged reference to the accused's failure to testify must necessarily allude to the defendant's failure to testify and not merely his failure to produce evidence from others. *Overstreet v. State*, Tex.Cr.App., 470 S.W.2d 653; *Ellis v. State*, Tex.Cr.App., 468 S.W.2d 406.

Further, the record reflects that appellant had testified at the guilt-innocence phase of the trial and admitted he had been convicted of the two offenses in question. Any comment regarding his failure to testify about these convictions at the punishment phase, under these circumstances, would therefore be harmless.

Finding no reversible error, the judgment is affirmed, and appellant's motion for rehearing is overruled.