**Henry HENDERSON, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 57855.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 13, 1979.

Rehearing Denied July 16, 1980.

Douglas H. Parks, Dallas, for appellant.

Henry M. Wade, Dist. Atty., T. Michael Sutton, Sam Longoria and Robert A. Flynn, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for escape. V.T.C.A., Penal Code Sec. 38.07. Punishment was assessed at one year in jail.

We are confronted at the outset with a fundamentally defective complaint and in-

formation. These allege in relevant part that appellant did:

". . . intentionally and knowingly escape from the custody of Gary Godsey, when he, the said defendant, had been arrested under circumstances which reasonable [sic] showed that he had been guilty of a breach of the peace."

Sec. 38.07(a), supra, provides:

"A person arrested for, charged with, or convicted of *an offense* commits an offense if he escapes from custody." (Emphasis added.)

■ The elements of escape are that a person (1) escape (2) from custody (3) after having been arrested for, charged with or convicted of an offense. *Garcia v. State*, Tex.Cr.App., 537 S.W.2d 930.

V.T.C.A., Penal Code Sec. 1.03(a) provides:

"Conduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute."

■ There is no statute creating an offense of "breach of the peace"[1] in this jurisdiction, nor is it alleged that such an offense has been created by ordinance. The complaint and information therefore fail to allege that appellant had been arrested for an offense. Because they fail to allege this element of the offense of escape, they are fundamentally defective and cannot support a prosecution. *Ex parte McCurdy*, Tex.Cr.App., 571 S.W.2d 31.

The judgment is reversed and the prosecution ordered dismissed.

Before the court en banc.

## DISSENTING OPINION ON STATE'S MOTION FOR REHEARING OVERRULED WITHOUT WRITTEN OPINION

W. C. DAVIS, Judge.

This case was reversed on original submission because of fundamental error in the

1. Although Art. 14.01, V.A.C.C.P., authorizes an arrest for breach of the peace, it also authorizes an arrest for being in a suspicious place.

Neither of these constitute an offense under the laws of this State such as to fulfill the essential element of escape under Sec. 38.07, supra.

complaint and information. The information alleged that the appellant did:

".  .  . intentionally and knowingly escape from the custody of Gary Godsey, when he, the said defendant, had been arrested. under circumstances which reasonable [sic] showed that he had been guilty of a breach of the peace."

Section 38.07(a), V.T.C.A. Penal Code provides:

"A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody."

The Court held on original submission,

"There is no statute creating an offense of 'breach of the peace' in this jurisdiction, nor is it alleged that such an offense has been created by ordinance. The complaint and information therefore fail to allege that appellant had been arrested for an offense. Because they fail to allege this element of the offense of escape, they are fundamentally defective and cannot support a prosecution." (Footnote omitted)

The appellant was arrested pursuant to Article 14.03, Vernon's Ann.C.C.P., which provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances *which reasonably show that such persons have been guilty of some* felony or *breach of the peace*, or threaten,[1] or are about to commit some offense against the laws." See also Article 14.01, Vernon's Ann.C.C.P.

The panel opinion acknowledges Article 14.-03 in footnote one, which states,

"Although Art. 14.01, V.A.C.C.P., authorizes an arrest for breach of the peace, it also authorizes an arrest for being in a suspicious place. Neither of these constitutes an offense under the laws of this State such as to fulfill the essential element of escape under Sec. 38.07, supra."

The necessary import of this language is that it is not an offense to escape from custody when arrested pursuant to Article 14.03, supra. Such a construction vitiates the clear intent of Sec. 38.07, supra. As the practice commentary to Sec. 38.07, supra, states:

"Escape from custody undermines the effectiveness of the system of criminal correction and punishment. It often creates danger to the captors and bystanders, .  .  . Moreover, when a question is raised concerning the legality of the detention, it is desirable to encourage reliance on legal proceedings rather than self-help."

Section 38.09, V.T.C.A. Penal Code provides:

"*It is no defense to prosecution under Section 38.07 (Escape) or 38.08 (Facilitating Escape) of this code that the custody was unlawful.*"

The practice commentary to this section of the Code states:

".  .  . the harm to be prevented by an escape offense is the same regardless of the lawfulness of the detention."

The panel opinion places emphasis on the words "an offense" in Section 38.07(a), supra. It is apparent, however, that the gist of the offense is that a person in custody by virtue of an arrest, charge, or conviction, escapes from *that* custody. Cf. *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976).

The words "breach of the peace" were defined in *Woods v. State,* 152 Tex.Cr.R. 338, 213 S.W.2d 685 (1948), in conjunction with Article 212, C.C.P., the predecessor to Article 14.01, Vernon's Ann.C.C.P. The Court construed these words as follows:

"The term 'breach of the peace' is generic, and includes all violations of the public peace or order, or decorum; in other words, it signifies the offense of disturbing the public peace or tranquility enjoyed by the citizens of a community; a disturbance of the public tranquility by any act or conduct inciting to violence or tending to provoke or excite others to break the peace; a disturbance of the public order by an act of violence, or by any act likely to produce violence, or

---

**1.** All emphasis supplied unless otherwise indicated.

which, by causing consternation and alarm disturbs the peace and quiet of the community . . . Breach of the peace is a common-law offense. *It has been said that it is not a specific offense, yet it may be, and at times is, recognized as such by statute or otherwise; and only when so regarded will it be considered in this article.*"

Article 21.17, Vernon's Ann.C.C.P. provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

This rule also applies to informations. See Art. 21.23, Vernon's Ann.C.C.P.

It is clear that conduct which amounts to a breach of the peace can constitute an offense under the penal code. See *Romo v. State*, 577 S.W.2d 251 (Tex.Cr.App.1979); *Heck v. State*, 507 S.W.2d 737 (Tex.Cr.App. 1974); *Johnson v. State*, 481 S.W.2d 864 (Tex.Cr.App.1972). The term "breach of the peace" used in the context of Article 14.03 necessarily implies that the conduct for which the arrest is authorized constitutes an offense. It is not necessary to allege the particular offense for which the appellant was arrested in the indictment. See *McCarter v. State*, 527 S.W.2d 296 (Tex. Cr.App.1975). Because it is not necessary to allege the particular offense for which the appellant escaped from custody, we find that the information alleging that appellant was reasonably guilty of a breach of the peace is sufficient.

The State's Motion for Rehearing should be granted, and from the overruling of such, I dissent.