Johnny **BERMEN** a.k.a. Johnny
Hendricks, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–89–00752–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 26, 1990.

Rehearing Denied Sept. 6, 1990.

Discretionary Review Granted
Dec. 19, 1990.

C. Kent Hargis, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Calvin Hartman and Kari Sckerl, Asst. Dist. Attys., for appellee.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

OPINION

SAM BASS, Justice.

Appellant, Hendricks, was convicted of escape, enhanced by two prior felony convictions. The trial judge sentenced appellant to 30 years confinement.

We reverse and order an acquittal.

In his first point of error, appellant argues that the proof did not show that he was "charged" with the offense of theft at the time he allegedly escaped.

The indictment alleged that appellant did: [I]ntentionally and knowingly escape from the custody of S.A. MORROW, employed by the Houston Police Department, after the Defendant was *charged with* the offense of Theft, a felony while confined in a penal institution.

(Emphasis added.)

Officer Rivera testified that on February 11, 1989, he: (1) was dispatched to a Rice grocery store on a shoplifting call; (2)

spoke to the store manager and security guard; and (3) called the District Attorney's office. The State attempted to show that appellant then became charged with the offense by questions posed to Rivera:

Q. And when you contacted them were charges accepted against Mr. Hendricks?

A. Yes, they were.

Q. At the time that the charges were accepted is that when Mr. Hendricks was charged with the offense?

A. Yes.

Rivera arrested appellant, took him to jail, and placed him in the custody of jail personnel.

State's exhibit 2A, an arrest blotter, shows that appellant was arrested on February 11, 1989, by "GA RIVERA." Appellant's time of arrest was 11:15 a.m., and he was booked at 1:00 p.m. Interpreting State's exhibit 2, Sergeant Warren testified that the time a prisoner enters the city jail is stamped on the blotter, which was 12:32 p.m. in this case.

At approximately 1:30 that afternoon, Officer Lacy conducted a roll call, and appellant did not answer. Officers immediately searched for appellant, but could not find him. State's exhibit 6, the complaint charging appellant with felony theft, was filed in the district clerk's office later that day, at 4:07 p.m.

Officer Caronna testified that, on February 18, 1989, he arrested appellant at a Rice grocery store and took him to the city jail.

In reviewing a sufficiency of the evidence challenge in a criminal case, the standard of review is whether, viewing all the evidence in the light most favorable to the verdict or judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984). In reviewing cases based on circumstantial evidence, the conviction " 'cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant.' " *Humason v. State,* 728 S.W.2d 363, 366 (Tex.Crim.App.1987)

(quoting *Moore v. State,* 640 S.W.2d 300, 302 (Tex.Crim.App.1982)).

Section 38.07 of the Texas Penal Code defines the offense of escape:

(a) A person commits an offense if he escapes from custody when he is:

(1) under arrest for, charged with, or convicted of an offense; or

(2) in custody pursuant to a lawful order of a court.

. . . .

(c) An offense under this section is a felony of the third degree if the actor:

(1) is under arrest for, charged with, or convicted of a felony; or

(2) is confined in a penal institution. . . .

Tex. Penal Code Ann. § 38.07 (Vernon 1989). The elements of escape are that a person: (1) escape; (2) from custody; (3) after having been arrested for, charged with, or convicted of an offense. *Henderson v. State,* 600 S.W.2d 788, 789 (Tex.Crim.App. [Panel Op.] 1979); *Garcia v. State,* 537 S.W.2d 930, 932 (Tex.Crim. App.1976). An essential element of any escape offense is that the defendant must be arrested for, charged with, or convicted of an offense. *McWilliams v. State,* 782 S.W.2d 871, 874 (Tex.Crim.App.1990).

Because being *charged with* an offense is an element of escape, the State was required to prove, as alleged, that appellant had been *charged with* the offense of theft at the time he escaped. The State attempts, by the testimony of Officer Rivera, to show that *charges* were "accepted" against appellant for theft, and that appellant was, therefore, *charged* with the offense of theft at the time he was arrested. The term "charged" is not defined in the Texas Penal Code. In *Burnett v. State,* 514 S.W.2d 939, 942 n. 6 (Tex.Crim.App. 1974), the Court of Criminal Appeals held that the defendant was formally charged with the offense for which he was being detained at the time of his escape from the jail, and that he remained formally charged with the offense after he was convicted at trial, at least until the Court of Criminal Appeals issued a mandate affirming his

conviction. The court quoted with approval a definition of the term "charged":

It is frequently used in a limited sense, as referring to a formal complaint, information, or indictment ... and in common parlance it signifies the formal commencement of a criminal proceeding by the filing or returning of the accusatory paper in the regular course of judicial proceedings.... In a fuller and more accurate sense the expression may include also the responsibility for the crime itself, and may be applicable to one who has been convicted and is serving a sentence....

*Id.* at 941.

Although the current version of section 38.07 does not require that the accused be "formally" charged, like the statute interpreted in *Burnett*, it is particularly significant that the legislature included the phrases "under arrest for" as well as "charged with" in describing persons who can commit an escape. Tex. Penal Code Ann. § 38.07. The Court of Criminal Appeals has noted that the terms are mutually exclusive:

Of course, the terms "under arrest for", "charged with", and "convicted of any offense" are mutually exclusive; otherwise, it stands to reason that the Legislature would have simply used the legal term "arrest", as defined in Art. 15.22, V.A.C.C.P., rather than to use multiple terms. Therefore, for purposes of the escape statute, "charged with" commences where "under arrest for committing some offense" ends, and "charged with" ends where "conviction of any offense" commences.

*McWilliams,* 782 S.W.2d at 874.

■ An examination of other provisions in the Texas Code of Criminal Procedure also sheds light on the distinction between the terms "under arrest for" and "charged with." Article 15.04 defines the term "complaint" as the affidavit made before the magistrate or district or county attorney if it *charges* the commission of an offense. Tex.Code Crim.P.Ann. art. 15.04 (Vernon 1977). An "indictment," defined as a written statement of a grand jury

accusing a person with committing an offense, Tex.Code Crim.P.Ann. art. 21.01 (Vernon 1989), is deemed sufficient when it *charges* the commission of an offense in plain and concise language: (1) to afford notice to the accused; and (2) to enable the court to pronounce proper judgment upon conviction. Tex.Code Crim.P.Ann. art. 21.-11 (Vernon 1989). An "information" is a written statement filed by a district attorney *charging* the defendant with an offense. Tex.Code Crim.P.Ann. art. 21.20 (Vernon 1989). Further, Tex.Code Crim.P. Ann. art. 15.22 (Vernon 1977), provides that a person is "arrested" when he has been placed under restraint or taken into custody by a peace officer or person executing an arrest warrant, or by a peace officer or person effecting a warrantless arrest. Therefore, a person is not *charged* with an offense until the filing of a complaint or the return of an indictment by a grand jury.

In our case, the indictment alleged that appellant was charged with the felony offense of theft. The record reflects that appellant was missing at approximately 1:30 p.m., but the complaint charging appellant with the felony offense of theft was not filed until 4:07 p.m. Appellant had not been charged with theft at the time of escape, as alleged in the indictment, but rather had only been arrested. We find that there was a fatal variance between the pleading and the proof, because the State did not prove, as alleged, an element essential to committing the offense of escape.

Appellant's first point of error is sustained.

■ In his second point of error, appellant asserts that the trial court erred in permitting the introduction of hearsay testimony which proved ultimate issues in the case. Appellant objects to the following statements contained within exhibits 2A, 3A, and 4A, which were substituted for exhibits 2, 3, and 4, respectively: (1) "Subject Escaped after being processed into Jail Theft (3rd Offender), Filed in 337 D.C. Cas # 522322 and Escaped Cause # 522431....", appearing in State's exhibit 2A, dated February 11, 1989; (2) "Excaped

PRISIONER [sic]," appearing in State's exhibit 3A, dated February 11, 1989; and (3) " *ESCAPE RISK*," appearing in State's exhibit 4A, dated February 18, 1989.

Counsel objected to the introduction of State's exhibits 2 and 3 because the objectionable language was hearsay, and it stated legal conclusions going to the resolution of ultimate issues in the case. Counsel also objected to the introduction and subsequent admission of State's exhibit 4 on the basis that it was a "hearsay conclusion." Based on the foregoing events, we find that appellant timely objected and preserved his second point of error for appellate review. Tex.R.App.P. 52(a).

The State argues that these objectionable items appearing within exhibits 2A, 3A, and 4A are admissible because the entire document in each instance was admissible as a business record under Tex.R.Crim. Evid. 803(6).[1] Neither of the parties has mentioned Tex.R.Crim.Evid. 803(8), an exception to the hearsay rule for public records and reports.[2] Because appellant objected that the language was hearsay, it was the duty of the State to provide the trial court with an applicable exception.

Courts of appeals in this state have admitted police reports as business records under the rule 803(6) exception to the hearsay rule. *Armijo v. State*, 751 S.W.2d 950, 952–53 (Tex.App.—Amarillo 1988, no pet.) (laboratory report of DPS chemist stating that substance in issue was LSD, was admissible as a business record under Texas rule 803(6)); *Mitchell v. State*, 750 S.W.2d 378, 379–80 (Tex.App.—Fort Worth 1988,

pet. ref'd) (contrary to defendant's assertion that State did not lay proper predicate under Texas rule 803(6), records and results of defendant's blood alcohol test were admissible because State laid proper predicate under rule 803(6)).

In *United States v. Cain*, 615 F.2d 380, 381–82 (5th Cir.1980), the court held that an escape report made at a federal correctional institution in Texarkana, Texas, which was inadmissible under Fed.R.Evid. 803(8)(B) because it was a matter observed by law enforcement personnel, could not be received into evidence through the back door as a business record under Fed.R. Evid. 803(6). However, in *United States v. Quezada*, 754 F.2d 1190 (5th Cir.1985), a prosecution for illegal reentry after deportation, the court held that a warrant of deportation was admissible as a business record under federal rule 803(6). *Id.* at 1190, 1193 at n. 9, 1194–1195. The court distinguished *Cain*, noting that: (1) the public record in *Cain* reported actual criminal activity by the defendant; and (2) the *Cain* court was not faced with a situation in which the volume of cases of that nature made reliance on the records at issue an administrative necessity. *Id.* at 1193 n. 9. The *Quezada* court further noted that the mere recordation of unambiguous factual matter, that the defendant was leaving the country, was inherently reliable, because it was merely the result of a ministerial objective observation, and had none of the subjective features of reports made in a more adversarial setting, such as the investigation of a crime scene. *Id.* at 1193–94.

---

1. Rule 803(6) provides:

   A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or the circumstances of preparation indicate lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular

   organized activity whether conducted for profit or not.

2. Rule 803(8) provides:

   Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding, however, matters observed by police officers and other law enforcement personnel,* or (C) against the state, factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness. (Emphasis added.)

One appellate court in Texas has acknowledged the existence of federal case law excluding evidence that was deemed inadmissible under federal rule 803(8), even though *the requirements of federal rule* 803(6) were technically met. *Cole v. State,* 735 S.W.2d 686 (Tex.App.—Amarillo 1987, pet. granted). In that case, a prosecution for aggravated assault, the court held that a supervising chemist from a DPS lab could: (1) testify about the contents of a report prepared by a chemist not present at trial; and (2) lay the proper predicate for the report's admission as a business record under Texas rule 803(6). *Cole,* 735 S.W.2d at 688, 691–92. The court distinguished federal rule 803(6), pointing out that: (1) Texas rule 803(6) was a codification of former Tex.Rev.Civ.Stat.Ann. art. 3737e,[3] the "Business Records Act," which admitted police reports as business records; and (2) a sufficient number of safeguards had been present during the trial to ensure that the report was reliable. *Id.* at 691–92; *see also Gassett v. State,* 532 S.W.2d 328, 329–30 (Tex.Crim.App.1976) (under article 3737e, "business" is defined broadly enough to include the National Criminal Information Center, a law enforcement agency); *Coulter v. State,* 494 S.W.2d 876, 884 (Tex.Crim.App.1973) (offense report records kept in the regular and ordinary course of the activities of law enforcement agencies meet the formal requirements of the Business Records Act, and are admissible, provided the records are of such trustworthiness as to guarantee the same protection afforded by the confrontation clause of the constitution). There does not appear to have been a provision similar to Texas rule 803(8)(B) at the time of the *Gassett* or *Coulter* decisions.

We are of the view that there is no point in having Texas rule 803(8)(B) if it can be bypassed by resort to Texas rule 803(6). The statements, which appellant urges should have been excluded, go to the ultimate issue of whether appellant did, in fact, escape, and the statements lack the necessary indicia of reliability. The objectionable statements contained in these documents were not merely made as a result of ministerial objective observations, but rather, had the features of statements made in an adversarial setting, since they resulted from the criminal investigation of the escape. We find that the trial court erred in admitting into evidence the hearsay statements that appellant had escaped and was an escape risk, contained in exhibits 2A, 3A, and 4A.

We further find that it cannot be said beyond a reasonable doubt that the complained of error did not contribute to the conviction or punishment. Tex.R.App.P. 81(b)(2).

Appellant's second point of error is sustained.

In his third point of error, appellant contends the trial court erred in admitting proof of extraneous offenses into evidence.

Appellant objects to language contained within State's exhibit 2A that, "Subject Escaped after being processed into Jail Theft (3rd Offender) Filed in 337 D.C. Cause # 522322 and Escaped Cause # 522431...." and "SUSP WAS ARRESTED FOR TAKING ARTICLES FROM STORE WITHOUT PAYING FOR THEM." Appellant asserts that this language improperly alleged that he committed an extraneous offense, shoplifting, on February 11, 1989.

Rule 404(b) of the Texas Rules of Criminal Evidence prohibits the introduction of extraneous offenses to prove an accused's propensity to commit crimes. In *Fitzgerald v. State,* 782 S.W.2d 876 (Tex.Crim. App.1990), the Court of Criminal Appeals set forth the rule of thumb to be used in determining whether to admit evidence of extraneous offenses:

"[B]efore evidence of collateral crimes is admissible, a relationship between such evidence and the evidence necessary to

---

**3.** Ch. 321, §§ 1–4, 1951 Tex.Gen.Laws 545, 545–46, *amended by,* ch. 353, § 1, 1969 Tex.Gen. Laws 1076, 1076–1078, *amended by,* ch. 128, §§ 1 & 2, 1973 Tex.Gen.Laws 276, 276–277, *repealed by,* ch. 685, § 9(b), 1985 Tex.Gen.Laws 2472, 2474. Section 4 of former article 3737e defined "business" as "any and every kind of regular organized activity whether conducted for profit or not."

prove that the accused committed the [charged] crime must be shown;" the pivotal inquiry is whether such evidence is relevant to a material issue in the case and, if so, then whether its probative value outweighs its inflammatory aspects or potential.

*Fitzgerald,* 782 S.W.2d at 879–80 (quoting *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex. Crim.App.1972)). Because the indictment alleged that appellant was charged with the felony offense of theft, the testimony that he was arrested for shoplifting on February 11, 1989, was relevant to the material issue of whether appellant had been charged with felony theft. The probative value of this evidence outweighs its inflammatory aspects or potential, and is, therefore, admissible.

Appellant contends the trial court erred in admitting State's exhibit 4A, a list of property seized from appellant at the jail on February 18, 1989, which contains the following, "SUSP WAS OBSERVED LEAVING STORE WITHOUT PAYING FOR ITEMS." Counsel objected to the introduction of State's exhibit 4 because it contained an extraneous offense, namely, the shoplifting offense, which occurred on February 18, 1989, when appellant was taken into custody after the escape. Appellant also objected to a statement made by the prosecutor during her opening statement that appellant was arrested on February 18, 1989, a week after the escape, for another shoplifting charge. He further objected, and requested a curative instruction and a mistrial, that was denied, when the prosecutor referred to appellant's extraneous shoplifting offense on February 18, 1989, during a bench conference, and stated, "[H]e's already been found guilty of that." One juror heard part of the statement.

■ Assuming, without deciding, that the extraneous shoplifting offense would have been inadmissible, any error in its admission was harmless. Appellant did not object when Officer Caronna testified that he arrested appellant for shoplifting at a Rice grocery store, on February 18, 1989. This testimony proved the extraneous offense independently of the items about which appellant complains. Inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove. *Brown v. State,* 757 S.W.2d 739, 741 (Tex. Crim.App.1988); *Anderson v. State,* 717 S.W.2d 622, 628 (Tex.Crim.App.1986).

Appellant's third point of error is overruled.

The judgment is reversed, and the trial court is ordered to enter a judgment of acquittal.

HUGHES, J., dissenting.

HUGHES, Justice, dissenting.

I respectfully dissent to the majority's disposition of appellant's first point of error, which I would overrule. Instead, I would reverse and remand the cause for a new trial based on appellant's second point of error.

Appellant argues that the State did not prove the allegation in the indictment that he "knowingly escape[d] ... after [he] was *charged with* the offense of Theft...." (Emphasis added.) He points to the fact that the complaint was filed at 4:07 p.m., approximately three hours after the jail guards determined that he was missing.

The Texas Penal Code does not define the words "charged with," nor did the charge given to the jury. *See* Tex. Penal Code Ann. § 38.07 (Vernon 1989). Words not specifically defined in a statute are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed. *Howard v. State,* 690 S.W.2d 252, 254 (Tex.Crim.App.1985).

The only evidence appellant introduced, to show that he had not been charged with the offense of theft at the time he escaped, was that the complaint was not filed until approximately three hours after it was discovered appellant was missing. However, by accepting appellant's position, the majority does not permit the jury to consider the context in which the term "charged

with" is used in the area of law enforcement. It is common knowledge among prosecutors that a person becomes charged with an offense at the point when the charges are accepted. The State presented evidence to this effect at trial. Officer Rivera testified that after he arrested appellant, he called the district attorney's office, which accepted the charges against appellant. At that point, appellant was "charged with" the offense. This fact made the subsequent preparation and eventual filing of the complaint a few hours later a formality that only affected the *manner* in which the charge was made. *See Burnett v. State,* 514 S.W.2d 939, 942 n. 5 (Tex.Crim.App.1974). Viewing the evidence in the light most favorable to the verdict, a rational jury could have found that appellant was "charged with" the offense of theft prior to his escape, given that the term "charged with" was to be construed as it is understood in common language, when considered in the context of the area of law enforcement. *See Howard,* 690 S.W.2d at 254; *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984).