**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Anthony CAIN,**
**Defendant-Appellant.**

**No. 79–5432.**

United States Court of Appeals,
Fifth Circuit.

April 11, 1980.

---

Brett L. Grayson, Baton Rouge, La. (Court-appointed), for defendant-appellant.

Ian F. Hipwell, Asst. U. S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before TJOFLAT, RUBIN and TATE, Circuit Judges.

PER CURIAM:

Having been convicted a second time of interstate transportation of a stolen motor vehicle, the accused, Cain, contends that the trial court erroneously admitted an exhibit purporting to be an escape report made at the Federal Correctional Institution at Texarkana, Texas, recording his escape from that institution on the date the vehicle was reported stolen in Oklahoma. We conclude that the report was improperly admitted, its admission was not harmless and we, therefore, remand for yet another trial.

The report qualified as a record made in the course of a regularly conducted activity and it would not ordinarily have been excluded as hearsay because it would be admissible under the exception to the hearsay rule codified in Rule 803(6) of the Federal Rules of Evidence.[1] The exceptions to the hearsay rule set forth in Rules 803 and 804 are not affirmative rules of admissibility; they are couched in cautious negation of inadmissibility. The operative phrase of each is, "The following are not excluded by the hearsay rule . . . ."

1. That rule reads as follows:

**Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed.R.Evid. 803, 804(b). The reason for this circumspection, as discussed in *United States v. Oates,* 560 F.2d 45 (2d Cir. 1977), is that the rules of evidence apply to both civil and criminal proceedings and an affirmative statement that such hearsay is admissible might deny a defendant the right to confront the witnesses against him, in violation of the sixth amendment.

 Rule 803(8) provides another hearsay exception for the reports of public agencies.[2] However, it contains a proviso: "excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel." In *Oates,* the Second Circuit concluded that under Rule 803(8) a chemist's report was not admissible against the accused over his objection in a criminal trial because it had been prepared by law enforcement personnel. For the reasons set forth in *Oates,* we conclude that statements inadmissible as public agency reports under Rule 803(8) may not be received merely because they satisfy Rule 803(6) and that section (6) does not open a back door for evidence excluded by section (8).

We have carefully considered whether the admission of the report was prejudicial or whether its receipt, even if erroneous, was harmless. Admitted solely to prove escape, the report might have been of little import. However, having succeeded in getting the report in evidence, counsel made too much of it. In closing argument, for example, the Assistant United States Attorney argued that the document showed that the defendant and another escapee were buddies, that, because the report gave the addresses of two persons in Baton Rouge known to be friendly with the accused, it demonstrated where he might be expected to go and that it described the clothing the prisoner was wearing. While in his objection the accused raised no issue concerning the contents of the report, it contained prejudicial information such as the evidence relied upon by the prosecution. Under these circumstances, we cannot conclude that the report did not have a "substantial impact" on the verdict of the jury. *See United States v. Gomez,* 529 F.2d 412, 417 (5th Cir. 1976).

However, the evidence was sufficient to warrant conviction, and the other issues raised are without merit. Therefore, we REVERSE the judgment of conviction and REMAND for a new trial.

---

2. That rule reads as follows:

**Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.