**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hector A. VIDAURE,
Defendant–Appellant.**

**No. 88–5515.**

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1988.

P. Joseph Brake, Asst. Federal Public Defender, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Gregory D. Anderson, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GEE, SNEED * and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

This case presents the question whether one indicted for violation of the Armed Career Criminal Act is entitled to have the jury decide whether the prior crimes upon which the charge is based were "violent" felonies as defined by the statute. Because this determination does not require reference to extrinsic evidence, but merely requires examination of the elements of a statute, we hold that this issue is a question of law which should be decided by the judge. We therefore affirm Vidaure's conviction.

In addition, we hold that the indictment charging the defendant with violation of 18 U.S.C. § 924(e) properly set forth the essential elements of the crime charged and that the trial court properly denied Vidaure's motion in arrest of judgment. Finally, we hold that the certified and exemplified copies of Vidaure's judgments of conviction and his "pen packets" from the Texas Department of Corrections are public records which were properly admitted under Federal Evidence Rule 803(8).

I.

Vidaure was arrested following an altercation with a convenience store clerk. At the time of his arrest, the arresting officers found a small pistol in Vidaure's possession. Vidaure had two prior convictions

* Circuit Judge of the Ninth Circuit, sitting by designation.

for robbery by threats and one for aggravated robbery. An indictment was filed charging the defendant with violation of the Armed Career Criminal Act, 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The indictment, the full text of which is set forth in the footnote,[1] specifically alleged that Vidaure had three previous felony convictions, but did not specifically allege that these felonies were *violent* felonies. The indictment referred to 18 U.S.C. § 924(e)(1) and listed the prior convictions upon which the charge was based.

At trial the court, over Vidaure's objections, admitted certified exemplified copies of Vidaure's convictions and copies of these documents contained in the Vidaure's "pen packet" from the Texas Department of Corrections. The court instructed the jury that in order to convict Vidaure, it had to find that he had three prior convictions for violent felonies. The court further instructed the jury, over Vidaure's objections, that robbery by threats and aggravated robbery were violent felonies.[2] Vidaure raises three arguments on appeal:

That the indictment charging him with violation of § 924(e)(1) was fatally defective because it failed to allege that Vidaure had three previous convictions for *violent* felonies; that the copies of his convictions were improperly admitted; and that convic-

tion of three previous *violent* felonies was an element of the crime charged and that the jury should have decided whether his previous convictions were for violent felonies. We address these allegations in reverse order.

## II.

In *United States v. Davis*, 801 F.2d 754 (5th Cir.1986), we held that 18 U.S.C.App. § 1202(a)(1), the predecessor of § 924(e)(1), was not merely a sentence enhancement provision, but created a new offense. Vidaure contends that conviction of three *violent* felonies is an element of this offense and that this issue must be submitted to the jury. In support of this argument, Vidaure cites *United States v. Johnson*, 718 F.2d 1317 (5th Cir.1983) (en banc).

In *Johnson*, the defendant was charged with interstate transportation of a falsely made security. The court, over the defendant's objections, instructed the jury that the document allegedly transported by the defendant was a security. On appeal we held that whether the document was a security was an element of the offense charged and therefore should have been determined by the jury, not by the judge.

The *Johnson* court, citing *Sinclair v. United States*, 279 U.S. 263, 49 S.Ct. 268,

---

1.                    COUNT ONE
     [18 U.S.C. §§ 922(g)(1) and 924(e)(1)]
   On or about June 29, 1987, in the Western District of Texas, Defendant
           HECTOR A. VIDAURE
being a person who had been convicted of felonies on the following three previous occasions:
   1. Convicted October 3, 1977, by the 226th Judicial District Court, Bexar County, Texas, for robbery-threats in Cause Number 77–CR–1828–B;
   2. Convicted October 3, 1977, by the 226th Judicial District Court, Bexar County, Texas, for robbery-threats in Cause Number 77–CR–1829–B;
   3. Convicted February 25, 1980, by the 227th Judicial District Court, Bexar County, Texas, for aggravated robbery with a deadly weapon in Cause Number 79–CR–2953;
did knowingly and unlawfully possess a firearm, to wit: one Davis Industries .22 caliber, 2 shot derringer, serial number 058534, which had moved in commerce from the State of California to the State of Texas, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

2. Title 18 U.S.C. § 924(e)(1) makes it a separate offense for a person to violate Title 18 U.S.C. § 922(g) if that person has three previous convictions by any court for violent felonies.
   In order to find the defendant Hector Vidaure guilty of the violation of Title 18 U.S.C. § 924(e)(1), the Government must prove the following elements beyond a reasonable doubt: (1) that, the defendant violated Title 18 U.S.C. § 922(g); and (2) that the defendant has three previous convictions by any court for violent felonies.
   The second element that the Government must prove to you beyond a reasonable doubt before you can find the defendant guilty of violating Title 18 U.S.C. § 924(e)(1) is that the defendant has three previous convictions by any court for violent felonies.
   *You are instructed that the robbery by threat, that robbery by threats and aggravated robbery with a deadly weapon are violent felonies.* Your job is to determine whether the defendant has three previous felony convictions (3 R. 103) (emphasis added).

73 L.Ed. 692 (1929), noted that there are several exceptions to the general rule that the jury must decide all of the essential elements of the offense charged. Specifically, under *Sinclair* a judge may decide issues of pertinency or materiality even though these may be elements of the offense. In *Johnson,* however, we held that whether a document was a security, was an element of the offense that must be determined by the jury. In reaching this conclusion, we reasoned that

> there is a distinction between deciding pertinency and materiality and deciding whether a tangible document or thing meets a statutory definition. *The former inquiry turns primarily on reason. The latter depends upon the probative value of evidence even when the evidence seems so clear as to have no room for fool's questions.* Thus it is a jury question whether the prosecution has proved that a pistol introduced in evidence is a firearm or that an automobile identified by a witness is a motor vehicle even though few would seriously debate the contrary. Similarly, it cannot be determined whether something called a Gold Certificate is a security without some evidence: the introduction of the document and testimony about the significance of its contents.

*Id.* at 1324 (emphasis added).

■ Thus the *Johnson* case does not require that the judge submit all issues regarding elements of an offense to the jury. Rather, under *Johnson* the pertinent inquiry in determining whether an issue should be submitted to the jury is whether that issue depended upon the probative value of the evidence. If it does, it is a question of fact which must be decided by the jury. By contrast, "[A] question of law is by definition susceptible of only two answers: 'yes' the requirements of legal principles are met or 'no' they are not met." *United States v. Hausmann,* 711 F.2d 615, 618 (5th Cir.1983) (citations omitted). These are issues which do not depend on the probative value of the evidence and should, therefore, be decided by the judge, not the jury.

■ In this case the issue that Vidaure argues should have been submitted to the jury was whether aggravated robbery and/or robbery by threats met the statutory definition of violent felony under 18 U.S.C. § 924. This statute defines violent felony as

> B. the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk or physical injury to another.

Under this definition, a determination of whether a crime is a violent felony requires an examination of applicable state law to determine if an element of the crime charged was "the use, attempted use or threatened use of physical force against the person of another" or "... involves conduct that presents a serious potential risk of physical injury to another." This question is, by definition, susceptible of only two answers: 'yes,' the crime has one of these factors as an element, or 'no,' it does not. The answer to the question does *not* depend upon the probative value of any extrinsic evidence and should be determined by the judge. Therefore, the trial court did not err in instructing the jury that aggravated robbery and robbery by threats were violent felonies.

### III.

■ Vidaure also contends that the certified and exemplified copies of his convictions and copies of these documents contained in his "pen packet," obtained from the Texas Department of Corrections, were improperly admitted in evidence. The court admitted these records under Federal Rule of Evidence 803(8), which provides a hearsay exception for public records and reports. This rule states, in pertinent part:

> "The following are not excluded by the hearsay rule.... Records, reports, statements, or data compilations, in any

form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel...."

Vidaure focuses on the language of 803(8) excluding records setting forth "matters observed by police officers and other law enforcement personnel" from this hearsay exception and contends that because the documents at issue here were prepared by law enforcement personnel they are inadmissible under this exception. He further maintains that the state failed to lay the proper foundation for admission via 803(6), the only applicable exception. Finally, Vidaure suggests that the "pen packet" documents were inadmissible under either exception.

Vidaure's argument that the certified copies of his conviction were not admissible under 803(8) because they were prepared by law enforcement personnel is without merit. This exclusion by its plain language applies only to reports concerning matter *observed* by law enforcement personnel. These judgments were not reports of matters *observed* by law enforcement personnel and were properly admitted under the public records exception to the hearsay rule.

Vidaure's argument that the "pen packet" documents were inadmissible under 803(8) is similarly without merit. Vidaure cites *United States v. Cain*, 615 F.2d 380 (5th Cir.1980) for the proposition that no document contained in a pen packet may ever be admitted under 803(8). In *Cain* the defendant was charged with interstate transportation of a stolen vehicle. The state introduced a copy of an escape report made at a state correctional institution and showing that the defendant escaped on the day the vehicle was stolen. The court in *Cain* held that this report contained matters observed by law enforcement personnel and was therefore inadmissible under 803(8).

Contrary to Vidaure's contention, *Cain* did not hold that pen packet documents were never admissible under 803(8). It merely held that documents reporting matters *observed* by law enforcement personnel *and* contained in a pen packet were inadmissible under 803(8). In this case the documents admitted from Vidaure's pen packet did not include reports of matters observed by law enforcement personnel. Consequently, this evidence could be admitted under 803(8).

### IV.

■ Vidaure also contends that his motion in arrest of judgment should have been granted because the indictment failed to state an offense. The basis for this contention is that the indictment did not specifically allege that Vidaure had three prior convictions for *violent* felonies. The indictment did, however, set forth the statutes which Vidaure allegedly violated and the specific felonies upon which the government based its charge that Vidaure violated § 924(e)(1).

"It is well settled that an indictment must allege each and every element of the crime charged to pass constitutional muster." *United States v. Mullens*, 583 F.2d 134, 141 (5th Cir.1978). "Indictments are, however, read for their clear meaning and convictions will not be reversed because of minor deficiencies which do not prejudice the accused." *United States v. Contris*, 592 F.2d 893, 896 (5th Cir.1979). Further, "[t]his court has ruled that an indictment is sufficient if it fairly informs the defendant of the charge against which he must defend, and enables him to plead an acquittal or conviction in bar of further prosecutions." *United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir.1981) (citations omitted).

In *Varkonyi* the defendant was charged with assaulting an Immigration and Naturalization officer in the performance of his duties in violation of 18 U.S.C. § 111. The indictment in *Varkonyi* alleged that the defendant has assaulted a named individual in the performance of his duty in violation of 18 U.S.C. § 111. An essential element

**1342**

of a charge of violating § 111 was that the person assaulted was a protected federal officer. The defendant in *Varkonyi* argued that the indictment was fatally defective because it did not state the individual that the defendant allegedly assaulted was a federal officer.

In rejecting *Varkonyi*'s argument the Court stated that

> In the instant case, a plain reading of the indictment would have informed the defendant that he had been charged with assault and interference against a man, recognized by him on the day of the incident as a Border Patrol agent, who was engaged in the performance of his official duties, in violation of 18 U.S.C. § 111. The citation of this statute in the charge served the dual purpose of affirmatively showing federal jurisdiction as well as directing the reader to 18 U.S.C. § 1114, wherein, the reader would find a listing of the particular federal officers protected by the statute.

*Id.* at 456.

Similarly in this case, a plain reading of the indictment would have informed Vidaure that he was charged with being an ex-convict in possession of a weapon and would have directed him to 18 U.S.C. § 924(e), where the predicate offenses for that charge are set forth. The indictment also informed Vidaure of the specific prior convictions upon which the government was basing its § 924(e) charge. Vidaure was adequately informed of the charge against him and has failed to show that he was prejudiced by any minor deficiencies in the indictment. The district court properly denied the defendant's motion in arrest of judgment.

### V.

Vidaure's final contention is that even if all of the errors alleged above are harmless errors the combination of these alleged errors and the severity of the sentence imposed on Vidaure requires reversal of the conviction. In light of our determination that there were no errors in this case, we need not address this issue.

The judgment of the district court is AFFIRMED.