ON PETITION FOR REHEARING
Before WISDOM, HIGGINBOTHAM, and SMITH, Circuit Judges.
PER CURIAM:
IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.
The panel reversed the appellant’s conviction on count 1 because his argument that insufficient evidence supported that conviction was itself insufficient to justify a reversal of his conviction. The trial court’s instruction as to the felonious nature of the defendant’s earlier conviction (a conviction to which he had stipulated) took away no fact-finding responsibilities from the jury. This Court has written that the judge’s obligation to submit questions of fact to the jury
does not require that the judge submit all issues regarding elements of an offense to the jury. Rather, ... the pertinent inquiry in determining whether an issue should be submitted to the jury is whether that issue depended upon the probative value of the evidence.... There are issues which do not depend on the probative value of the evidence, and should, therefore, be decided by the judge, not the jury.[1]
The trial judge properly found, and instructed the jury, as to the elements of Evans’s earlier conviction. A retrial of count 1 will not violate the appellant’s constitutional rights under the double jeopardy clause.

. United States v. Vidaure, 861 F.2d 1337, 1340 (5th Cir.1988), cert. denied, 489 U.S. 1088, 109 S.Ct. 1551, 103 L.Ed.2d 854 (1989).