**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 90-8598

UNITED STATES OF AMERCIA,

Plaintiff-Appellee,

VERSUS

JAMES EDWARDS EVANS,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas

(April 9, 1992)

ON PETITION FOR REHEARING

(Opinion December 18, 1991, 5th Cir. 1991, __ F.2d __)

Before WISDOM, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.

The panel reversed the appellant's conviction on count 1 because his argument that insufficient evidence supported that conviction was itself insufficient to justify a reversal of his conviction. The trial court's instruction as to the felonious nature of the defendant's earlier conviction (a conviction to which he had stipulated) took away no fact-finding

responsibilities from the jury. This Court has written that the judge's obligation to submit questions of fact to the jury

> does not require that the judge submit all issues regarding elements of an offense to the jury. Rather, . . . the pertinent inquiry in determining whether an issue should be submitted to the jury is whether that issue depended upon the probative value of the evidence. . . . There are issues which do not depend on the probative value of the evidence, and should, therefore, be decided by the judge, not the jury.[1]

The trial judge properly found, and instructed the jury, as to the elements of Evans's earlier conviction. A retrial of count 1 will not violate the appellant's constitutional rights under the double jeapordy clause.

---

[1] United States v. Vidaure, 861 F.2d 1337, 1340 (5th Cir. 1988), cert.denied, 489 U.S. 1088 (1989).