UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20056
Summary Calendar
_____


JACKIE SMITH, Individually and on behalf of all beneficiaries
of BERNARD ALLEN, deceased, ET AL.,

                                        Plaintiffs,

JACKIE SMITH, Individually and on behalf of all beneficiaries
of BERNARD ALLEN, deceased;

                                        Plaintiff-Appellant.

                    versus

ISUZU MOTORS LIMITED, ET AL.,

                                        Defendants,

AMERICAN ISUZU MOTORS INCORPORATED;
ISUZU MOTORS AMERICAN INCORPORATED,

                                        Defendants-Appellees.


_____

Appeals from the United States District Court for the
Southern District of Texas
_____
April 2, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

BENAVIDES, Circuit Judge:

    On July 22, 1994, Bernard Allen died in a single-vehicle accident, while driving a 1987 Isuzu Trooper.  Allen's mother, Jackie Smith, individually and on behalf of the beneficiaries of his estate, brought suit against American Isuzu Motors, Inc., Isuzu

Motors America, Inc., and Isuzu Motors Limited.[1]  Smith claimed that the Trooper was unreasonably dangerous because it had a propensity to roll over, that it was not crashworthy because the windshield allowed Allen to be ejected, that Isuzu's warnings were inadequate, and that the defendants were negligent.  The district court rendered judgment on a take-nothing jury verdict against plaintiffs.

Appellant challenges three of the district court's evidentiary rulings, which excluded evidence relating to crashworthiness and unreasonable dangerousness.  We affirm.

I.

We review the district court's evidentiary rulings for abuse of discretion.  *Johnson v. Ford Motor Co.*, 988 F.2d 573, 578 (5th Cir. 1993).  Under Federal Rule of Civil Procedure 61, we may not set aside a verdict based on an error in the exclusion of evidence, "unless refusal to take such action appears to the court inconsistent with substantial justice."  Fed. R. Civ. P. 61.  To vacate a judgment based on such an error, we "must find that the substantial rights of the parties were affected."  *Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 349 (5th Cir. 1983).

---

[1]     The district court dismissed Isuzu Motors Limited because plaintiffs failed to obtain service of process on it in a timely manner.  Smith does not appeal this dismissal.

II.

A.

Smith first complains that the district court erroneously refused to admit a 1996 *Consumer Reports* article regarding the stability of 1995 and 1996 Isuzu Troopers. The article gave 1995 and 1996 Isuzu Troopers a "not acceptable" rating because Consumer Reports' testing showed that those vehicles had a propensity to roll over. The article, however, specifically disclaimed its applicability to earlier year-model Troopers: "The Not Acceptable rating does not apply to 1994 and earlier *Troopers*, which had a slightly different suspension." *Id.* Thus, the probative value of this piece of evidence was negligible, while the risk of confusing the issues and misleading the jury was significant. *See* Fed. R. Evid. 403. Accordingly, we conclude that the district court did not abuse its discretion in refusing to admit the article.[2]

B.

Plaintiffs next argue that the district court abused its discretion by refusing to admit three memoranda prepared by staff members of the National Highway Traffic Safety Administration (the "NHTSA"). Those memoranda related to a petition filed with the NHTSA in 1986 by Colorado Congressman Timothy Wirth, which asked

_____

[2] Smith argues that the district court did not refuse to admit the article because of the different year models involved but on other grounds. Regardless, this court may affirm a district court's evidentiary ruling on any grounds presented to the district court. *See Metallurgical Indus. Inc. v. Fourtek, Inc.*, 790 F.2d 1195, 1207 (5th Cir. 1986). Defendants-appellees squarely raised the difference in year models as grounds for excluding the article.

that agency to establish stability standards for certain types of passenger vehicles. This petition was based on the research of Leon Robertson, who served as an expert for the plaintiffs in this case. The NHTSA ultimately rejected the Wirth petition. Nevertheless, plaintiffs sought to introduce the memoranda, in which NHTSA staff members expressed opinions that support Robertson's methodology and the plaintiffs' theory in this case.

The district court excluded these memoranda on hearsay grounds. Smith argues on appeal that these memoranda satisfy Federal Rule of Evidence 803(8), which excepts certain public records from the general rule that hearsay is inadmissible. That rule exempts:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, . . . or (c) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8). We conclude that the district court properly concluded that the memoranda did not fall within the scope of this exception.

Smith first argues that the memoranda qualify as public records within the meaning of Rule 803(8)(A). We disagree. Although NHTSA staff members prepared the memoranda in the course of evaluating the Wirth petition, the memoranda do not "set forth" the "activities of the agency" within the meaning of Rule 803(8)(A). *See, e.g.*, *United States v. Vidaure*, 861 F.2d 1337, 1340-41 (5th Cir. 1988) (holding that copies of defendant's

4

convictions contained in "pen packet" were admissible under public records exception); *Alexander v. Estepp*, 95 F.3d 312, 314 (4th Cir. 1996) (holding that county's registry of applicants for firefighter position was a public record under Rule 803(8)(A)), *cert. denied*, 117 S. Ct. 1425 (1997); *United States v. Ramirez*, 45 F.3d 1096, 1101 (7th Cir. 1995) (holding that an automobile's title history was admissible under the public records exception).

Smith cites no case law in which Rule 803(8)(A) has been applied to allow the admission of the preliminary or interim evaluative opinions of agency staff members. Indeed, to apply Rule 803(8)(A) in the fashion Smith suggests would swallow whole Rule 803(8)(C) and its limitations. Rule 803(8)(C) provides a hearsay exception for "factual findings resulting from an investigation made pursuant to authority granted by law" unless those findings lack trustworthiness. If memoranda reflecting the preliminary opinions of agency staff members were admissible under Rule 803(8)(A), then Rule 803(8)(C)'s limitations would be meaningless.

We further conclude that the memoranda do not satisfy Rule 803(8)(C). The memoranda do not reflect "factual findings" of the NHTSA. Rather, they embody the positions and opinions of individual staff members, which the agency ultimately declined to accept. Our conclusion is in accord with other circuits that have held that interim agency reports or preliminary memoranda do not satisfy Rule 803(8)(C)'s requirements. *See Figures v. Board of Pub. Util.*, 967 F.2d 357, 360 (10th Cir. 1992) (holding that a draft of a proposed letter from an area director of a government

5

agency to a municipal administrative agency was properly excluded because it did not represent an agency finding); *United States v. Gray*, 852 F.2d 136, 139 (4th Cir. 1988) (holding that the district court properly refused to admit a tentative internal IRS referral report because it did not contain "agency factual findings"); *City of New York v. Pullman, Inc.*, 662 F.2d 910 (2d Cir. 1981)(holding that an interim recommendation by a transit authority staff member to the transit authority administrator was not a factual finding of an agency within the meaning of Rule 803(8)(C)); *cf. United Air Lines, Inc. v. Austin Travel Corp.*, 867 F.2d 737, 743 (2d Cir. 1989) (concluding that the district court did not abuse its discretion in excluding government reports that the district court concluded were untrustworthy because of the "interim or inconclusive nature of the reports . . . ."). The cases relied upon by Smith are inapposite.

For these reasons, we conclude that the district court in this case acted within its discretion in excluding the NHTSA internal memoranda on hearsay grounds.


C.

Finally, Smith appeals from the district court's refusal to allow plaintiffs' expert David Lowry to testify to the ultimate issues of crashworthiness and unreasonable dangerousness.

We reject out of hand the plaintiffs' complaint as to Lowry's crashworthiness opinion. The factual basis underlying Smith's crashworthiness theory was that Allen was ejected through the

6

Trooper's windshield.  The jury, however, specifically found that Allen was not ejected through the windshield, and Smith does not challenge that finding on appeal.  Thus, the error, if any, in excluding Lowry's opinion on crashworthiness did not affect Smith's substantial rights.

As to the exclusion of Lowry's opinion on unreasonable dangerousness, the district court sustained Isuzu's objection that plaintiffs had failed to offer a sufficient foundation for his testimony.  Plaintiffs did not attempt to provide further foundation for Lowry's testimony at trial and do not provide any argument on appeal as to why the foundation offered was sufficient.  Under these circumstances, we conclude that the district court did not abuse its discretion in excluding his testimony as to the ultimate issue of unreasonable dangerousness.

Moreover, even if the plaintiffs had offered a sufficient foundation for Lowry's opinion as to the ultimate issue of unreasonable dangerousness, we find it unlikely that the absence of that testimony affected the plaintiffs' substantial rights.  Lowry was allowed to testify that the Trooper had a higher-than-average center of gravity, a narrower-than-average track width, and that these features made the vehicle more likely than other vehicles to roll over.  Additionally, plaintiffs' expert Robertson was permitted to testify that the Trooper was unreasonably dangerous because of its tendency to roll over.[3]

---

[3]  Plaintiffs argue that the exclusion of Lowry's testimony was harmful because Robertson was a statistician, while Lowry was an engineer.  We are unpersuaded.

7

III.

For these reasons, the judgment of the district court is AFFIRMED.