IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50155
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN SALAZAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-99-CR-59-01
--------------------
January 12, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Juan Salazar was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court sentenced Salazar as an armed career criminal under U.S.S.G. § 4B1.4. Salazar appeals both his conviction and his sentence.

Salazar first argues that his conviction should be reversed because he was denied a fair trial due to an improper remark by a Government witness. The denial of a motion for new trial should be affirmed "unless, on appeal, the party that was the movant in

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court makes a clear showing of an absolute absence of evidence to support the jury's verdict, thus indicating that the trial court had abused its discretion in refusing to find the jury's verdict contrary to the great weight of the evidence." Rutherford v. Harris County, Tex., 197 F.3d 173, 179 (5th Cir. 1999)(quoting Whitehead v. Food Max of Miss., Inc., 163 F.3d 265, 269 (5th Cir. 1998))(internal quotation marks omitted). Because there is evidence in the record to support the jury's verdict, the district court did not abuse its discretion in denying Salazar's motion for a new trial.

Salazar next contends that the district court improperly sentenced him as an armed career criminal because the Government failed to introduce proof of his prior burglary convictions to support the application of the enhancement as required by Taylor v. United States, 495 U.S. 575, 599 (1990). Where an objection is raised at the sentencing hearing, error is preserved for de novo review. United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000). Whether prior convictions have been proved sufficiently for purposes of sentence enhancement is a question of law reviewed de novo. United States v. Vidaure, 861 F.2d 1337, 1338 (5th Cir. 1988); see United States v. Silva, 957 F.2d 157, 161 (5th Cir. 1992).

The Supreme Court, in Taylor, limited the use of state law burglary convictions for sentence enhancements by holding that only "generic" burglary could support a § 924(e) enhancement. 495 U.S. at 599. The Court further held that the Government could prove a prior conviction for "generic burglary by

introducing (1) the fact of the prior conviction (presumably by introducing a certified or validated copy of the judgment) and (2) a true copy of the state statute under which the conviction was attained." United States v. Martinez-Cortez, 988 F.2d 1408, 1411 (5th Cir. 1993). This court has affirmed § 924(e) enhancements where either (1) the indictment or judgment or (2) the state statute was introduced. See id. at 1412 & n.20 (gathering cases and noting disjunctive reading of Taylor). The Government admits that it introduced no Taylor evidence. Therefore, the district court erred in sentencing Salazar as an armed career criminal.

For the foregoing reasons, we AFFIRM Salazar's conviction, VACATE his sentence and REMAND this case to the district court for resentencing. On remand, the Government should be afforded the opportunity to introduce any Taylor evidence necessary to support the armed career criminal enhancement and Salazar should be afforded the opportunity to challenge the applicability of the armed career criminal enhancement to his case.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.