United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41203
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKEY LYNN WELCH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:03-CR-12-LED-DDB-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rickey Lynn Welch was found guilty by a jury of counts 4, 2, and 1 of an indictment charging him with establishment of a place for the manufacture and distribution of a controlled substance (count 4), of using, carrying, or possessing a firearm during and in relation to a drug trafficking crime (count 2), and of conspiracy to manufacture, distribute or possess with the intent to manufacture, distribute or dispense methamphetamine (count 1). Welch was sentenced to concurrent 324-month terms of imprisonment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for counts 1 and 4 and to a consecutive 60-month term of imprisonment for count 2, for a total term of imprisonment of 384 months.  Welch was also ordered to serve concurrent five-year periods of supervised release.  Welch gave timely notice of his appeal.

Welch contends that the Government violated the rule in Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose exculpatory evidence to the defense.  Welch's conclusional arguments do not demonstrate that favorable evidence was withheld by the Government or that there is a reasonable probability that such evidence affected the outcome of the trial.  See Kyles v. Whitley, 514 U.S. 419, 433–34 (1995).

Welch contends that the district court erred by overruling his motion to suppress evidence disclosed to the defense shortly before the trial — a videotape of a traffic stop, during which methamphetamine was discovered on Welch's person, and a lab report related to the methamphetamine.  Welch contends that the tardy disclosure prevented him from seeking exclusion of the evidence and from obtaining expert testimony.  The Government gave a reasonable explanation for failing to timely produce the videotape and lab report.  Welch knew of the prior arrest and was not prevented from seeking exclusion of the evidence.  There is no reason to believe that an expert would have determined that the drugs seized were not methamphetamine.  No abuse of discretion has been shown.  See United States v. Garrett, 238

F.3d 293, 297-98 (5th Cir. 2000); see also United States v. Bentley, 875 F.2d 1114, 1118-19 (5th Cir. 1989).

Welch contended in the district court that various lab reports should have been suppressed as inadmissible hearsay because the witnesses called to testify about the reports had not prepared them. Welch has reasserted this question on appeal; he contends also, for the first time on appeal, that admission of the lab reports violated his rights under the Confrontation Clause. We review the constitutional contention for plain error and the evidentiary question for an abuse of discretion. See United States v. Vonn, 535 U.S. 55, 58-59 (2002); United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996). Because the lab reports bore adequate indicia of reliability, Welch has not shown that the district court plainly erred by admitting the evidence in violation of his rights under this Confrontation Clause. See Sherman v. Scott, 62 F.3d 136, 140-42 (5th Cir. 1995). This court has not determined whether such evidence is admissible under a recognized exception to the hearsay rule.[**] See Sherman, 62 F.3d at 141 (declining to reach issue). We need not reach these issues because admission of the evidence did not affect Welch's substantial rights. See id. at 142 n.6.

---

[**] It is arguable whether the evidence was admissible under the public-records or business-records exceptions to the hearsay rule. See United States v. Quezada, 754 F.2d 1190, 1194 (5th Cir. 1985); United States v. Cain, 615 F.2d 380, 382 (5th Cir. 1980).

Welch contends that the evidence as to the conspiracy and firearms counts was insufficient to prove his guilt beyond a reasonable doubt. Because Welch failed to renew his objection to the denial of his motion for a judgment of acquittal after the defense rested and because no motion was asserted under FED. R. CRIM. P. 29(c), our review is limited to a determination whether there was a manifest miscarriage of justice, which will be found to exist only if the record is devoid of evidence pointing to guilt. See United States v. Robles-Pantoja, 887 F.2d 1250, 1254 (5th Cir. 1989). The record is not "devoid of evidence" showing that Welch participated in a conspiracy to manufacture, distribute or possess with the intent to manufacture, distribute or dispense methamphetamine, in violation of sections 846 and 841(a)(1). See id. Nor is the record "devoid of evidence" showing that Welch possessed firearms in furtherance of the drug conspiracy. See id.

Welch contends that the district court erred in determining the drug quantity at sentencing and that his sentence was determined unconstitutionally in light of Blakely v. Washington, 542 U.S. 296 (2004). In the interim since the case was briefed, the Supreme Court extended its holding in Blakely to the federal sentencing guidelines. See United States v. Booker, 125 S. Ct. 738, 769 (2005). Where, as here, a Booker error has been preserved in the district court, this court "will ordinarily vacate the sentence and remand, unless [this court] can say the

error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005) (quotation marks omitted). The Government concedes that remand is appropriate in this case as it cannot show beyond a reasonable doubt that the district court would not have imposed a lesser sentence if it had known that the guidelines are discretionary. The convictions are AFFIRMED. The sentence is VACATED AND REMANDED for further proceeding in light of Booker. See id. at 284-85. Welch's other arguments of sentencing errors are not discussed. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.