# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60361
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID LAMONT LIDDELL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-480

Before STEWART, Chief Judge, and HIGGINSON and COSTA, Circuit Judges.

PER CURIAM:[*]

David Lamont Liddell, federal prisoner # 09745-043, was convicted of being a felon in possession of a firearm, and the district court determined that he was subject to sentencing under the Armed Career Criminal Act (ACCA). Although, on the Government's motion, the district court disregarded the ACCA's mandatory minimum sentence and imposed a 120-month term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment, Liddell filed a 28 U.S.C. § 2255 motion challenging the five-year term of supervised release that was imposed as part of his sentence, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court denied relief, concluding that Liddell's prior Mississippi convictions of armed robbery and aggravated assault qualify as violent felonies under the ACCA. This court granted a certificate of appealability on whether the district court erred in that decision.

We review the district court's determination that a prior conviction qualifies as a 'violent felony' under ACCA de novo. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Vidaure*, 861 F.2d 1337, 1340 (5th Cir. 1988). A "violent felony" is a crime punishable by more than one year in prison that (1) has as an element the use, attempted use, or threatened use of physical force against another (the elements clause), (2) is the enumerated offense of burglary, arson, or extortion, or involves the use of explosives (the enumerated offenses clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B); *United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017). *Johnson* has no effect on the elements or enumerated offenses clauses, but a sentence imposed under the residual clause is now unconstitutional. *See* 135 S. Ct. at 2563.

Under Mississippi Code Annotated § 97-3-79, armed robbery is committed by "feloniously tak[ing] or attempt[ing] to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon." Liddell challenges his armed robbery conviction as a valid ACCA predicate because § 97-3-79 can be violated by putting a victim in fear. His argument is unavailing, however, in light of

No. 17-60361

recent holdings that similarly-worded robbery statues involve sufficient force to meet the elements clause definition of "violent felony." *See Stokeling v. United States*, 139 S. Ct. 544, 554 (2019); *United States v. Burris*, 920 F.3d 942, 958 (5th Cir. 2019).

In 2005, when Liddell was convicted under Mississippi Code Annotated § 97-3-7(2) (West. 2005), aggravated assault was committed by "attempt[ing] to cause serious bodily injury to another, or caus[ing] such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life" or by "attempt[ing] to cause or purposely or knowingly caus[ing] bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm." *Hutchinson v. State*, 594 So. 2d 17, 19 n.1 (Miss. 1992); *see also Snowden v. State*, 131 So. 3d 1251, 1255-56 & n.2 (Miss. Ct. App. 2014) (recognizing that statute's 2012 amendment). Liddell contends that his aggravated assault conviction is not a valid ACCA predicate offense because it can be committed using non-violent force, such as poison.

In *United States v. Reyes-Contreras*, 910 F.3d 169, 180-84 (5th Cir. 2018) (en banc), we considered 18 U.S.C. § 16(a), which defines "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Overruling prior caselaw to the extent it distinguished between direct and indirect force, we held that the use of force can include knowing or reckless conduct, indirect force can constitute the use of physical force, and there is no distinction between causation of injury and use of force. *Id.* (relying on, inter alia, *United States v. Castleman*, 572 U.S. 157 (2014), and *Voisine v. United States*, 136 S. Ct. 2272 (2016)).

No. 17-60361

In light of the foregoing, the district court correctly ruled that Liddell's armed robbery and aggravated assault convictions qualified as predicate offenses under § 924(e)(2)(B)(i)'s elements clause definition.  The judgment of the district court is AFFIRMED.