# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2022

Lyle W. Cayce
Clerk

No. 21-20104
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE BLADEMIR PORTILLO-SARAVIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-650-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Jose Blademire Portillo-Saravia, a native and citizen of El Salvador, was convicted after a jury trial of one count of being an alien illegally and unlawfully present in the United States in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20104

First, Portillo-Saravia challenges the district court's denial of his motion to dismiss the indictment on the basis that § 922(g)(5)(A) is unconstitutionally vague and the court should have applied the rule of lenity. We review a district court's denial of a motion to dismiss an indictment de novo. *United States v. Arrieta*, 862 F.3d 512, 514 (5th Cir. 2017). Questions of statutory interpretation are likewise reviewed de novo. *Id.*

Section 922(g)(5)(A) makes it unlawful for any person "who, being an alien[,] is illegally or unlawfully in the United States . . . [to] possess in or affecting commerce, any firearm or ammunition." § 922(g)(5)(A). The terms "illegally" and "unlawfully" are not defined by the statute. *See United States v. Orellana*, 405 F.3d 360, 365 (5th Cir. 2005). Nevertheless, we have interpreted the phrase "illegally or unlawfully in the United States" to refer to an alien "whose presence within the United States is forbidden or not authorized by law." *Id.* at 366. Our "precedent reveals that immigration 'status' is the key factor in determining the applicability of [§] 922(g)(5)(A)." *Arrieta*, 862 F.3d at 515.

Portillo-Saravia's presence within the United States was unlawful at the time of his entry. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). Although he was deemed an unaccompanied alien child upon his arrival, this categorization did not afford him any lawful status. *See* 6 U.S.C. § 279(g)(2). Notably, at the time of the instant offense, Portillo-Saravia was an adult. His pending asylum application also did not constitute a defense to § 922(g)(5)(A). In cases where the defendant does not hold lawful status and has a pending immigration application, we have held the statute sufficiently clear to uphold prosecution under § 922(g)(5)(A). *See, e.g.*, *United States v. Lim*, 897 F.3d 673, 683-84 (5th Cir. 2018); *United States v. Elrawy*, 448 F.3d 309, 314 & n.5 (5th Cir. 2006); *United States v. Lucio*, 428 F.3d 519, 524-26 (5th Cir. 2005). Accordingly, Portillo-Saravia's attempt to show ambiguity in his immigration status and in § 922(g)(5)(A) to trigger the rule of lenity is unavailing, and the

district court did not err in denying his motion to dismiss the indictment. *See Arrieta*, 862 F.3d at 514.

Next, Portillo-Saravia argues that the district court violated his Sixth Amendment and due process rights by not submitting to the jury whether he was illegally or unlawfully present in the United States. The omission of an element from a jury charge is subject to harmless-error analysis. *See United States v. Brooks*, 681 F.3d 678, 704 (5th Cir. 2012). "The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." *United States v. Gaudin*, 515 U.S. 506, 522-23 (1995). However, a district court is not required to submit all issues to a jury, and, instead, "the pertinent inquiry . . . is whether that issue depended upon the probative value of the evidence." *United States v. Vidaure*, 861 F.2d 1337, 1340 (5th Cir. 1988).

Whether Portillo-Saravia's presence in the United States was authorized by law was dependent on the applicable immigration statutes, our precedent, and the legal issues he presented in his motion to dismiss the indictment. We have found similar inquiries to be questions of law. *See Lim*, 897 F.3d at 684 & n.19. Here, the district court ruled as a matter of law that Portillo-Saravia was "illegally or unlawfully in the United States" for purposes of § 922(g)(5)(A). The court then correctly charged the jury to decide whether Portillo-Saravia knew that he was illegally or unlawfully in the United States. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). The jury instructions were legally accurate and "clearly instruct[ed] the jurors." *United States v. Fairley*, 880 F.3d 198, 208 (5th Cir. 2018). Moreover, his conclusory contention that defense counsel was precluded from presenting evidence on this element is unpersuasive, and nothing in the record suggests that he was unable to present a complete defense such that his Sixth Amendment and due process rights were violated. *See Kittelson v. Dretke*, 426 F.3d 306, 319 (5th Cir. 2019).

No. 21-20104

Finally, Portillo-Saravia raises a preserved sufficiency challenge to his conviction, which we review de novo. *See United States v. Carbins*, 882 F.3d 557, 562-63 (5th Cir. 2018). Despite his arguments to the contrary, the evidence at trial, which included his statements at the time of his arrest, was sufficient to prove Portillo-Saravia knew that he was illegally or unlawfully in the United States at the time of the offense. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc).

AFFIRMED.