**HOME DEPOT, INC., and Gaylord's National Corporation, Plaintiffs-Appellees,**

v.

**William J. GUSTE, Jr., Attorney General of the State of Louisiana, Defendant-Appellant.**

No. 84–3532.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1985.

William J. Guste, Jr., Atty. Gen., Louis M. Jones, New Orleans, La., Kenneth C. Fonte, Asst. Atty. Gen., for defendant-appellant.

Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Robert E. Barkley, Jr.,

Francis R. White, III, New Orleans, La., Smith, Cohen, Ringel, Kohler & Martin, John L. Latham, Robert W. Beynart, Atlanta, Ga., for plaintiffs-appellees.

Harvey C. Koch, New Orleans, La., for Amicus-K-Mart.

## ON SUGGESTION FOR REHEARING EN BANC

Before POLITZ, GARWOOD, and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

In their suggestion for rehearing, appellees complain of the reliance in our original opinion, 773 F.2d 616, 627–29 (5th Cir.1985), on the Supreme Court's statement in *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 102 S.Ct. 1186, 1191, 1193, 71 L.Ed.2d 362 (1982), that a facial vagueness challenge to a statute not reaching constitutionally protected conduct should be upheld "only" if the law "is impermissibly vague in *all* of its applications" (emphasis added). Appellees assert that this standard was modified in *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), and that the quoted statement is really directed to overbreadth rather than vagueness challenges. Appellees also assert that we have failed to follow our own admonition in *United States v. Batson*, 706 F.2d 657, 680 n. 35 (5th Cir.1983), that *Kolender* "may caution against literal application of the *Hoffman Estates* language."

We do not rely on a "literal application" of *Hoffman Estates*, as we do not have before us a statute that is impermissibly vague in all but a minuscule number of its applications. Rather, as we observed in

our original opinion, there is a very substantial core of applications in which the challenged enactment is plainly not impermissibly vague. 773 F.2d at 628–29. The record reflects that appellees sell a not insignificant number of items whose sale on Sunday the statute clearly forbids. We also observed that the only relief appellees requested was the invalidation of the statute *in toto;* and this indeed was the theory on which the case was tried below and was the relief granted by the district court. *Id.* at 629.* Appellees want the baby thrown out with the bathwater. This we will not do.

Thus, our case is similar to *Hoffman Estates*, where the Court observed:

"[W]e conclude that *at least some of the items sold* by Flipside are covered. Thus, Flipside's facial challenge is unavailing.

"....

"The ordinance and guidelines do contain ambiguities. Nevertheless, the 'designed for use' standard is sufficiently *clear to* cover *at least some of the items that Flipside sold.... Whether* further guidelines, administrative rules, or enforcement policy *will clarify the more ambiguous scope* of the standard *in other respects is of no concern in this facial challenge.*

"....

"... Testimony of the Village Attorney who drafted the ordinance, the village President, and the Police Chief revealed *confusion over whether the ordinance applies to certain items,* as well as extensive reliance on the 'judgment' of police officers to give meaning to the ordinance and to enforce it fairly. At this stage, however, *we are not prepared to hold that this risk jeopardizes the entire ordinance."* 102 S.Ct. at 1194, 1195, 1196 (emphasis added; footnote omitted).

* This is made plain by the prayer for relief in appellees' complaint, which requested invalidation as to the sale or offer to sell anywhere by any appellee of *"any* product on a Sunday" (emphasis added). The only other request or

statement of entitlement to declaratory relief is contained in the allegation of paragraph 19 of the complaint that appellees "are entitled to a declaratory judgment in the form set forth in the prayer below."

Here La.Rev.Stat.Ann. § 51:194 clearly applies to "at least some of the items sold by" appellees, and its "more ambiguous scope ... in other respects" as well as "confusion over whether" it "applies to certain [other] items" is insufficient in the present context to "jeopardize[ ] the entire" statute.

We likewise reject the suggestion that the quoted *Hoffman Estates* language was directed at overbreadth rather than vagueness. The words of that opinion speak for themselves:

"In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should *then examine* the *facial vagueness* challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge *only* if the enactment is impermissibly vague in *all of its applications*. A plaintiff who engages in *some* conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others....

"The Court of Appeals in this case did not explicitly consider ... whether the ordinance is vague in all of its applications. Instead, the court determined that the ordinance is void for vagueness because it is unclear in *some* [emphasis in original] of its applications to the conduct of Flipside and of other hypothetical parties. Under a proper analysis, however, the ordinance is not facially invalid.

"....

"A law that does not reach constitutionally protected conduct and therefore satisfies the overbreadth test may nevertheless be challenged on its face as *unduly vague*, in violation of due process. To succeed, however, the complainant must demonstrate that the law is impermissibly *vague in all of its applications*." 102 S.Ct. at 1191–92, 1193 (emphasis added; footnotes omitted).

Finally, we do not believe that *Kolender* substantially modifies *Hoffman Estates*. In *Kolender*, the Court was not faced with a purely economic regulation, such as section 51:194 and the ordinance considered in *Hoffman Estates*. *See* 102 S.Ct. at 1193. Perhaps more importantly, in *Kolender* the Court particularly noted that "[o]ur concern here is based upon the 'potential for arbitrarily suppressing First Amendment liberties' [quoting *Shuttlesworth v. City of Birmingham*, 382 U.S. 87, 86 S.Ct. 211, 213, 15 L.Ed.2d 176 (1965) ] ... [and on the fact that the statute] implicates consideration of the constitutional right to freedom of movement." 103 S.Ct. at 1859. No such substantive constitutional considerations are present here, nor were they in *Hoffman Estates*. These two factors— whether conduct substantively protected by the Constitution was reached and whether the regulation was purely economic—were the grounds on which *Kolender* expressly distinguished *Hoffman Estates*. *See Kolender*, 103 S.Ct. at 1859 n. 8. Under these criteria, the present case necessarily falls within the rule of *Hoffman Estates*.

Applying *Hoffman Estates* in a commonsense rather than a literal spirit, we remain of the view that the district court erred in its ruling herein that section 51:194 is void for vagueness on its face.

Appellees' remaining contentions are adequately addressed in our original opinion.

Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.

The mandate shall now issue.