**UNITED STATES of America**

v.

**Hector Venancio CASTRO–VASQUEZ.**

**No. EP–06–CR–00847–KC.**

United States District Court,
W.D. Texas,
El Paso Division.

June 30, 2006.

Phyllis Martinez, Assistant U.S. Attorney, Juanita Fielden, Assistant U.S. Attorney, El Paso, TX, for Plaintiff.

## *ORDER*

CARDONE, District Judge.

On this date, the Court considered Defendant Hector Venancio Castro–Vasquez's ("Defendant's") Motion to Dismiss the Indictment and Memorandum of Law in Support Thereof ("Motion"). For the reasons set forth below, the Motion is **DENIED.**

## I. BACKGROUND

As Defendant failed to provide a background section to his Motion, the following facts are taken from the Government's Response to Defendant's Motion to Dismiss the Indictment and Memorandum of Law in Support Thereof ("Response").

On January 6, 1993, Defendant filled out a Form OF–230 Application for Immigrant Visa and Alien Registration, wherein Defendant made a sworn statement that he was single and without children. Despite said statement, Defendant had been married to a woman named Maria de Jesus Nunez Hernandez since September 6, 1984, and had fathered four (4) children during this marriage. Nevertheless, based upon his application, Defendant immigrated to the United States as the unmarried stepson of a lawful permanent resident of the United States on October 18, 1993.

On August 17, 2001, Defendant signed, dated, and submitted an N–400 Application for Naturalization under penalty of perjury and other laws of the United States. In this application, Defendant made a sworn statement that he had never been arrested. However, Defendant had been arrested on November 5, 1999 for Assault Causing Bodily Injury to a Family Member in the El Paso County Court of Law No. 1. These charges were later dismissed per request of the complaining witness. Thereafter, Defendant became a naturalized citizen of the United States on December 5, 2003.

On April 19, 2006, the United States Attorney indicted Defendant pursuant to 18 U.S.C. § 1425(b). Specifically, the indictment reads as follows:

On or about August 17, 2001, in the Western District of Texas, Defendant, HECTOR VENANCIO CASTRO–VASQUEZ, did knowingly apply for, procure and obtain evidence of naturalization and citizenship for himself to which he

was not entitled, in that the defendant did apply for and receive naturalization by representing or causing to be represented on the N–400 Application for Naturalization, filed August 17, 2001, with the Immigration and Naturalization Service (now "United States Department of Homeland Security,") that:

(A) Defendant never gave false testimony for the purpose of obtaining any immigration benefit, when in fact, as he then well knew, said information was false in that, defendant executed a Form OF–230, Application for Immigrant Visa and Alien Registration, on January 6, 1993, in which defendant stated he was single and did not have any children; when in truth and fact he was married and had four (4) children born within the marriage, all in violation of Title 18, United States Code, Section 1425(b); and

(B) Defendant had never knowingly committed a crime for which he had (1) been arrested and (2) not been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance; when in fact, as he then well knew, said information was false in that, defendant was arrested on November 5, 1999, for Assault Causing Bodily Injury to a Family Member in Cause No. 200000C01402, in the County Court of Law No. 1 of El Paso County, Texas, all in violation of Title 18 United States Code, Section 1425(b).

## II. DISCUSSION

Defendant challenges the indictment on two bases. First, Defendant argues that the indictment fails to allege two essential elements of the offense of violating 18 U.S.C. § 1425(b)—namely that Defendant was ineligible for citizenship and that he knew that he was ineligible for citizenship. Second, Defendant argues that the indictment is unconstitutionally vague, as it fails to give a person of ordinary intelligence reasonable notice of conduct forbidden by the statute. For the reasons set forth below, these arguments must fail.

## A. SUFFICIENCY OF THE INDICTMENT

 Federal Rule of Criminal Procedure 7(c) provides that an indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. FED.R.CRIM.P. 7(c)(1) (2006); *United States v. Vasquez–Olvera,* 999 F.2d 943, 945 (5th Cir.1993) (citing the same). The Supreme Court has held that an indictment is sufficient if it contains the elements of the offense charged, puts the defendant on notice of the charges against which he must defend, and enables him to plead an acquittal or conviction. *United States v. Greene,* 697 F.2d 1229, 1234 (5th Cir.1983); *United States v. London,* 550 F.2d 206, 210 (5th Cir.1977). It is usually sufficient if the indictment sets forth the offense in the words of the statute itself, "as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *London,* 550 F.2d at 210. In cases where guilt crucially depends upon the specific identification of facts, an indictment must do more than simply repeat the language of the criminal statute. *Hamling,* 418 U.S. at 118, 94 S.Ct. 2887. However, indictments are read for their clear meaning and convictions will not be reversed because of minor deficiencies which do not prejudice the accused. *United States v. Vidaure,* 861 F.2d 1337, 1341 (5th Cir. 1988).

An indictment alleging a violation of 18 U.S.C. § 1425(b) seeks to punish an indi-

vidual who knowingly applies for or obtains naturalization or citizenship when he or she is not entitled to do so. *United States v. Moses,* 94 F.3d 182, 184 (5th Cir.1996). In order to convict a defendant under section 1425(b), the Fifth Circuit has held that the Government must prove the following three elements: 1) the defendant issued, procured, obtained, applied for, or otherwise attempted to procure naturalization or citizenship, 2) the defendant is not entitled to naturalization or citizenship, and 3) the defendant knows that he or she is not entitled to naturalization or citizenship. *Id.*

## 1. DEFENDANT'S ENTITLEMENT TO NATURALIZATION

■ Defendant first argues that the Government failed to allege the second element of a charge under section 1425(b)—that the Defendant was not entitled to naturalization. Specifically, Defendant argues that the two misrepresentations mentioned in the indictment would not have been enough to render the Defendant ineligible for naturalization under the applicable statutes or CFR sections. In his Motion, however, Defendant fails to cite and/or discuss the "applicable statutes or CFR" sections. Moreover, Defendant cites one case in support of his position and the case is inapposite.

In support of this his argument, Defendant relies upon the unpublished Fifth Circuit case *United States v. Sodosky,* 54 Fed.Appx. 794 (5th Cir.2002). In *Sodosky,* the defendant had been convicted of fraud for continuing to use her military dependent card to receive medical benefits after divorcing her husband. *Sodosky,* 54 Fed. Appx. 794, 2002 WL 31845210, *1. Later, when she applied for naturalization, the defendant indicated on her application that she had never been charged or convicted of violating any law. *Id.* When this discrepancy was discovered, the defendant was charged with and convicted of violat-

ing section 1425(b). *Id.* at 54 Fed.Appx. 794, 2002 WL 31845210, *3. In reversing her conviction, the Fifth Circuit held that the Government failed to prove the second and third elements of section 1425(b). *Id.* at 54 Fed.Appx. 794, 2002 WL 31845210, *5. The Fifth Circuit pointed to the fact that the testimony presented at trial indicated that an offense within the past five years would render an applicant ineligible for citizenship, whereas the defendant's conviction occurred twelve years earlier. *Id.* The Fifth Circuit further indicated that if there was no evidence that her prior conviction would render her ineligible for naturalization, then "it follows" that she could not have known she was ineligible. *Id.*

■ Defendant's reliance upon *Sodosky* is misplaced. *Sodosky* addressed whether the evidence was sufficient to convict the defendant. The instant case does not involve a challenge to a conviction or the examination of evidence, but rather a challenge to the indictment. At this stage, there has been no evidence regarding the Government's allegations that Defendant is not entitled to naturalization or that Defendant knew he was not entitled to naturalization. Further, it is not the place of this Court to venture a guess as to whether the Government will succeed in proving these elements at trial. *See, e.g., London,* 550 F.2d at 208 (holding that although the terms "trick, scheme, or device" for purposes of 18 U.S.C. § 1001 might be difficult to apply to the facts of the case, they were sufficient for purposes of the indictment and it was not the place of the Court to inquire into whether or not the Government could actually succeed in proving those elements). Rather, the job of this Court is merely to determine whether the allegations in the indictment meet the requisite standard.

In this case, the indictment alleges that "Defendant, HECTOR VENANCIO CASTRO–VASQUEZ, did knowingly apply for, procure and obtain evidence of naturalization and citizenship for himself to which he was not entitled." As this allegation nearly parallels the language in the statute, it appears to satisfy the standard set forth in *Hamling* regarding the sufficiency of an indictment. *See Hamling*, 418 U.S. at 117, 94 S.Ct. 2887 (holding that it is usually sufficient if the indictment sets forth the offense in the words of the statute itself). Nevertheless, the deficiency alleged by Defendant, if true, might be sufficient to warrant dismissal of the indictment. Therefore, to the extent Defendant moves to dismiss the indictment based upon failure to sufficiently allege the second element of section 1425(b), the Motion is **DENIED** without prejudice to re-visitation.[1]

## 2. DEFENDANT'S KNOWLEDGE REGARDING HIS ENTITLEMENT TO NATURALIZATION

Defendant next argues that the Government failed to allege the third element of a charge under section 1425(b)—that the defendant knew that was not entitled to naturalization. First, Defendant argues that the Government "alleges nothing at all about any knowledge of ineligibility for naturalization." Second, Defendant argues that under *Sodosky* he cannot be shown to have known that he was ineligible for naturalization as a matter of law, unless he was in fact ineligible.

With respect to Defendant's first argument, the Court must reject the contention that the Government alleged nothing at all about any knowledge of ineligibility for naturalization. The indictment alleges that: "Defendant, HECTOR VENANCIO CASTRO–VASQUEZ, did knowingly apply for, procure and obtain evidence of naturalization and citizenship for himself to which he was not entitled...." The statute punishes: "Whoever ... knowingly ... procures or obtains or applies for ... naturalization ... or evidence of naturalization." 18 U.S.C. § 1425(b). A comparison of the indictment to the statute reveals that the language is nearly identical, appearing to satisfy the standard set forth in *Hamling* regarding the sufficiency of an indictment. *See Hamling*, 418 U.S. at 117, 94 S.Ct. 2887 (holding that it is usually sufficient if the indictment sets forth the offense in the words of the statute itself). Because the Fifth Circuit in *Moses* held that the statutory language of section 1425(b) includes a knowing requirement, it is only natural that language in an indictment that nearly parallels the statute also includes a knowing element. Thus, this Court rejects Defendant's first argument that the Government fails to make any mention of the third element of section 1425(b).

With respect to Defendant's second argument, the Court must similarly reject Defendant's position that *Sodosky* mandates a conclusion that the Government has failed to allege the third element of section 1425(b). *Sodosky* is so factually and procedurally different from the instant case, that any analogy between the two must be carefully drawn.[2] As an initial matter, the Fifth Circuit in *Sodosky* was reviewing whether or not the Government had presented sufficient evidence to sustain their burden at trial. *Sodosky* at

---

**1.** This Court notes that should Defendant wish to re-visit this issue, the Court expects a fully briefed and legally supported motion to that effect. This means that the motion should set forth the relevant factual background, all relevant legal authority appropri-ately briefed and cited, an application of all relevant legal authority to the facts at issue, and a conclusion.

**2.** This is in addition to the fact that *Sodosky* is, of course, an unpublished opinion.

54 Fed.Appx. 794, 2002 WL 31845210, *1. Because the Government had failed to prove that Sodosky was ineligible for naturalization and citizenship, since it had only presented evidence that a five-year old conviction would make her ineligible and Sodosky's conviction was twelve-years old, there was no way that the Government could prove Sodosky knew she was ineligible. *Id.* at 54 Fed.Appx. 794, 2002 WL 31845210, *5. After all, the Government could not prove that Sodosky knew a fact if that fact were not indeed true. *See id.*

In the case at hand, there has been no evidence presented as to whether or not Defendant was actually entitled to naturalization—a state of affairs not unreasonable in light of the fact that this case has not proceeded to trial. In the event that this case proceeds to trial, and the Government fails to prove the second element of section 1425(b), Defendant's argument may resurface. However, this issue is not ripe for determination at the present time.

■ Finally, though not explicitly argued or briefed by Defendant, it appears as though the Defendant at least implicitly argues that to the extent the Government makes any mention of the knowing requirement it is insufficient to meet the standard for knowing under section 1425(b). To resolve this issue, the Court must look to the definition of the knowing requirement. Three Circuits have addressed this issue, including the Second, Fifth, and Ninth Circuits.

The Fifth Circuit first discussing the knowing requirement in *Moses.* In *Moses,* the defendant misrepresented his marital status and living arrangements with another woman. *Moses,* 94 F.3d at 187. The Fifth Circuit concluded that a jury could infer the defendant knew that the true status of his marital relationship would render him ineligible to receive citizenship because "applicants generally know the requirements for citizenship and that such

information is widely available." *Id.* Thus, the Fifth Circuit implicitly endorsed a position whereby knowingly misrepresenting one's marital status would be sufficient to meet the knowing requirement under section 1425(b). *Id.*

The Ninth Circuit adopted this position a few years later in *United States v. Pasillas–Gaytan,* 192 F.3d 864 (9th Cir.1999). In *Pasillas–Gaytan,* the defendant was charged in two counts with: 1) knowingly making a false statement of material fact in his application for naturalization under 18 U.S.C. § 1546(a) and 2) knowingly procuring, contrary to law, his naturalization because of a conviction that made him ineligible for naturalization under 18 U.S.C. § 1425(a). *Id.* at 866. Although he stipulated to the misrepresentation on his application, his conviction, and his resultant ineligibility for naturalization, Pasillas–Gaytan argued that the misrepresentation was an innocent mistake due to his poor English skills, and further that he did not know that his prior conviction precluded him from becoming a citizen. *Id.* The jury convicted Pasillas–Gaytan under section 1425, but not under section 1546. *Id.* at 867.

In reviewing the knowledge requirement, the Ninth Circuit rejected the argument that the Government had to prove that the defendant knew that applying for naturalization with a prior conviction was illegal in itself, relying on the principle that ignorance of the law is no defense to a criminal charge. *Id.* It further held that the knowing requirement of section 1425 is a lesser standard than "willful" and hence does not require the Government to prove that the defendant knew that he was procuring naturalization through a criminal act, "although such knowledge would of course suffice to impose criminal liability." *Id.* at 868. However, the Ninth Circuit also specifically rejected the notion

that intentionally applying for naturalization is sufficient to satisfy the knowing requirement under section 1425. The Court explained that such an approach would essentially impose strict liability upon defendants, apply to defendants who did not understand the documents they were signing, and apply to those who apply for citizenship when not eligible because of failure to meet some requirement. *Id.* Instead, the Ninth Circuit held that "liability under [section] 1425 requires proof that [the defendant] either knew he was not eligible for naturalization ... or knowingly [made misrepresentations] on his application or interview." *Id.* at 868.

Similarly, the Second Circuit adopted this approach in *United States v. Alameh*, 341 F.3d 167 (2d Cir.2003). In *Alameh*, the defendant was convicted of unlawful procurement of naturalization in violation of section 1425(b), after his wife testified that their marriage was a "green card marriage" and that she had been paid to marry him. *Alameh*, 341 F.3d at 170–71. The defendant appealed his conviction, arguing that there was insufficient evidence to find that he knowingly violated section 1425(b). *Id.* at 175. In defining the knowing requirement under section 1425(b), the Second Circuit acknowledged that, on its face, the statute might be read to only require knowledge of the attempt to obtain naturalization. *Id.* However, the Second Circuit refused to adopt this approach, because " 'applying for naturalization is almost always a voluntary, intentional act,' ... [and] such a reading would effectively create a strict liability crime, in contravention of the 'general rule that criminal liability requires an evil-meaning mind.' " *Id.* The Second Circuit noted that such a reading of the statute would appear to punish every person who knowingly applied for naturalization but, for whatever reason, was not entitled to it. *Id.* Finding that Congress did not intend such a result, the Second Circuit held that section 1425(b)

"cannot be read to permit conviction on production of proof of a knowing attempt to acquire citizenship without further proof of the defendant's knowledge that he was not entitled to citizenship." *Id.*

In the instant case, as stated above, the Government has alleged that Defendant violated section 1425(b) by making the following the following representations:

(A) Defendant never gave false testimony for the purpose of obtaining any immigration benefit, when in fact, as he then well knew, said information was false in that ...

(B) Defendant had never knowingly committed a crime for which he had (1) been arrested and (2) not been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance; when in fact, as he then well knew, said information was false ...

Indictment.

Under the approach adopted by the Second, Fifth, and Ninth Circuits, these allegations, if true, would be sufficient to meet the knowing requirement of section 1425(b). Accordingly, this Court finds that the allegations concerning the third element of section 1425(b) are sufficient for purposes of the indictment. Thus, to the extent Defendant moves to dismiss the indictment based upon allegations concerning the third element of section 1425(b), the motion is **DENIED.**

## B. VAGUENESS

A statute is void for vagueness if it is not sufficiently definite to put a person of ordinary intelligence on fair notice that his contemplated conduct is forbidden. *Colautti v. Franklin*, 439 U.S. 379, 390, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979); *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *United States v. Womack*, 654 F.2d 1034, 1039 (5th

Cir.1981). The purpose of this rule is three-fold. *Grayned*, 408 U.S. at 108, 92 S.Ct. 2294. First, it is meant to provide people with fair notice of proscribed conduct so that they may make a clear choice between lawful and unlawful conduct. *Id.* Second, it is meant to avoid arbitrary and discriminatory enforcement of the laws. *Id.* Finally, it is meant to ensure that citizens can fully exercise their constitutional freedoms without fear of reprisal. *Id.*

■■■■ When a defendant makes a facial challenge to a law based upon vagueness, the court must first inquire into whether the enactment concerns a substantial amount of constitutionally protected conduct. *Home Depot, Inc. v. Guste*, 777 F.2d 1063, 1065 (5th Cir.1985); *Tobacco Accessories & Novelty Craftsmen Merchants Assoc. v. Treen*, 681 F.2d 378, 381 (5th Cir.1982). If it does not concern a substantial amount of constitutionally protected conduct, the court should sustain the challenge only if the statute is impermissibly vague in all of its applications. *Treen*, 681 F.2d at 381; *Guste*, 777 F.2d at 1065. "Impossible standards of specificity are not required." *Jordan v. De George*, 341 U.S. 223, 231, 71 S.Ct. 703, 95 L.Ed. 886 (1951). Rather, the test is whether, according to common understanding and practice, the language conveys a sufficiently definite warning of the proscribed conduct. *Id.*

■■■■ Defendant argues that because his own attorney who has a license and "extensive" immigration experience had to conduct legal research before determining the elements of a violation of section 1425(b), a reasonably intelligent lay person cannot have been expected to know that he was ineligible for naturalization. Specifically, Defendant argues that "the fact that counsel was required to *undertake* this research to even determine the elements of the offense despite his extensive immi-

gration law experience, indicates [that a reasonably intelligent lay person would not be able to reach this determination from merely reading the statute]." Def.'s Mot. 4 (emphasis in original). The Government contends that there is nothing ambiguous about the statute which specifically provides lists of circumstances which will preclude a finding of good moral character, thus making a person ineligible for naturalization.

As stated above and rewritten here for convenience, section 1425(b) punishes:

> Whoever, whether for himself or another person not entitled thereto, knowingly issues, procures or obtains or applies for or otherwise attempts to procure or obtain naturalization, or citizenship, or a declaration of intention to become a citizen, or a certificate of arrival or any certificate or evidence of nationalization or citizenship, documentary or otherwise, or duplicates or copies of any of the foregoing.

18 U.S.C. § 1425(b).

■■■■ While this statute may not be written in the most straightforward language, the test is not one of rigid specificity, but rather one of notice. *De George*, 341 U.S. at 231, 71 S.Ct. 703. The statute is meant to criminalize knowingly applying for or obtaining naturalization when one is not entitled to do so, and it specifically refers to "knowingly," "procuring or attempting to procure ... naturalization," and "not entitled to." 18 U.S.C. § 1425(b); *Moses*, 94 F.3d at 184. This Court finds that this language is sufficient to put a person of ordinary intelligence on notice of the forbidden conduct, especially when viewed in light of common understanding and practice. *De George*, 341 U.S. at 231, 71 S.Ct. 703.

Common understanding and practice dictate that an ordinary person of reasonable intelligence would understand that ly-

ing on a voluntary application meant to obtain some benefit is a likely indication that someone knows they are not actually entitled to the benefit and are nonetheless trying to obtain it. Moreover, 8 U.S.C. § 1101(f)(6) specifies that no person shall be regarded as having good moral character—a requirement for naturalization—if he has "given false testimony for the purpose of obtaining any benefits under this Act." 8 U.S.C. § 1101(f)(6). Thus, this Court rejects Defendant's argument that the statute is unconstitutionally vague.

Although the Second Circuit has held that "notice is insufficient if lay persons are required to 'perform the lawyer-like task of statutory interpretation by reconciling the text of separate documents,'" there is no evidence that such necessarily had to be the case here. *United States v. Rybicki*, 354 F.3d 124, 158 (2d Cir.2003); *see also United States v. Sattar*, 272 F.Supp.2d 348, 358 (S.D.N.Y.2003) (noting that a penal statute must speak for itself so that a lay person can understand it). Again, the statute, though not overly succinct, contains each and every essential element of the offense and therefore would put an ordinary person of reasonable intelligence on notice of the proscribed conduct. Accordingly, to the extent Defendant argues the statute is unconstitutionally vague, the motion is **DENIED** without prejudice.[3]

## III. CONCLUSION

In light of the foregoing, this Court holds that the indictment sufficiently sets forth the essential elements of the offense charged, and further that the criminal statute under which the Government brought the indictment is sufficiently clear to provide Defendant with notice. Accord-

ingly, Defendant's Motion (Doc. No. 11) is **DENIED.**

**SO ORDERED.**

---

3. If, however, Defendant wishes to raise this issue again, this Court expects a fully briefed motion to that effect—not one containing a mere two citations to general case law. Such motion must include a relevant background section, relevant legal authority fully briefed, an application of that authority to the facts, and a conclusion.